**BROWN et al. v. RUDBERG et al.**

No. 9742.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 19, 1948.

Decided Dec. 20, 1948.

Mr. Philip Shinberg, of Washington, D. C., with whom Mr. Leon M. Shinberg, of Washington, D. C., was on the brief, for appellants.

Mr. Austin F. Canfield, of Washington, D. C., with whom Mr. Milford F. Schwartz, of Washington, D. C., was on the brief, for appellees.

Before STEPHENS, Chief Judge, and PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment for the plaintiffs in a civil action for the cancellation of a written contract and for $5,-000 paid on account of the purchase price.

The plaintiffs, Rudberg and O'Neill, and defendant Brown entered into a written "Agreement", whereby Brown agreed to sell and the plaintiffs agreed to buy the defendant's liquor store located in the District of Columbia. Simultaneously with the execution of the contract, the buyers deposited $5,000 with Abrams, the other defendant, as trustee, to secure the performance of the contract.

The principal controversy in the case revolves around paragraph 6 of the agreement, which reads: "This agreement is contingent upon the approval by the Alcoholic Beverage Control Board of the transfer of the existing Class A license, and the obtaining of a Federal Wholesale Stamp Tax by the Buyers. The Buyers do hereby specifically agree that upon the execution of this agreement they will immediately make application for a transfer of the license aforesaid, at their own expense, and will thereafter diligently prosecute said application until it has been acted upon by the Alcoholic Beverage Control Board of the District of Columbia."

Rudberg and O'Neill, the prospective buyers, are both non-residents of the District of Columbia, a fact known to all the parties at the time of making the contract and discussed by them during the preliminary negotiations. The regulations of the Alcoholic Beverage Control Board provide that no license will be issued to any individual unless he has been a resident of or employed in the District of Columbia for at least one year

immediately preceding the filing of the application for the license.[1] Consequently, the buyers, who signed the contract as individuals, could not qualify, and so the contingency referred to in paragraph 6 could not be met.

Appellants argue that their "resistance" to the present action amounted "in substance" to a petition for reformation of the written agreement to conform to the real intent of the parties. They contend that Rudberg and O'Neill agreed orally to form a corporation (in which case a license could be obtained under certain circumstances) and that their failure to do so constituted a breach of contract on their part. The contract which purported to contain the whole agreement, is silent on that subject. There was no pleading which suggested that the defendants wanted reformation of the written contract. No motion, formal or informal, to make the pleadings conform to the alleged proof of another contract, was made. The trial court directed cancellation of a written contract when cancellation was the only issue before it, and the error now alleged is that the court should have decided another issue. This court cannot hold a trial court to be in error in failing to decide an issue not put before it in a civil action. Moreover, although it did not consider or decide any issue of reformation, the trial court did make findings of fact which would have effectively disposed of the defendants' contentions in that respect. It found that "the plaintiffs [Rudberg and O'Neill, the buyers] at no time agreed with the defendant to form a corporation to take title to said business, nor did they ever agree to employ the manager of the business then employed by the defendant Brown so as to enable them to comply with the aforesaid Alcoholic Beverage Control Laws." There was ample evidence to support that finding. Both plaintiffs testified at the trial that they never agreed or intended to form a corporation. Abrams, who was Brown's attorney, was asked whether he understood that a corporation would be organized. His answer was: "No, I would not put it that way." There is other evidence of a like import.

It is conceded that there is no fraud, undue influence, misrepresentation or deceit. The parties provided in their "Agreement" that it was not to go into effect unless Rudberg and O'Neill could obtain the required license. This they could not do, because of the residence requirements. Consequently, the buyers were entitled to have the contract cancelled, and the judgment of the trial court should be and is

Affirmed.