### HARLEM CAB ASS'N, Inc. et al. v. DIGGS.

#### No. 1068.

Municipal Court of Appeals for the District of Columbia.

Argued June 4, 1951.

Decided June 26, 1951.

Paul J. Sedgwick, Washington, D. C., for appellants.

Roscoe A. Faretta, Washington, D. C., with whom Thomas A. Lohm, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Her automobile having been in collision with a taxicab owned and operated by James H. Mays, a member of Harlem Cab Association, Inc., plaintiff Rachael E. Diggs sued them for her damages. Trial was by the court and the judgment was in favor of plaintiff. Defendants appeal.

■ First they challenge the correctness of the decision and present a number of reasons why we should rule as a matter of law that they were free of liability. Our study of the evidence does not lead us in that direction. Some while ago we said, "Automobile collisions at street intersections nearly always present questions of fact." Shu v. Basinger, D.C.Mun.App., 57 A.2d 295. Naturally that was a general statement and is subject to exceptions; but this case is not an exception. The two drivers were the only eye witnesses and they followed the usual pattern of casting all blame on each other. There was also testimony as to other factors such as the layout of the intersection, relative distances and speed of the two vehicles, the opportunity of each driver to see what confronted him and to avoid the collision, the point of impact, and the nature of the blow. Taking all this testimony together we are satisfied that we would have no right to say as a matter of law that defendants' driver was free of negligence or that plaintiff's driver was solely or contributorily negligent.

More detailed discussion is necessary in connection with appellants' second contention. They say that the trial court should have limited plaintiff's recovery to $50 because her insurance carrier as subrogee was entitled to the remainder of the claim. (The judgment was for $728.17). At the trial defendants contended that the insurance company was an indispensable party plaintiff. The judge then suggested that the plaintiff's counsel amend the complaint to show the insurer as a "use plaintiff." To this plaintiff's counsel objected. Defendants' counsel also objected, and the trial judge has certified that because of the two objections he did not order the amendment.

■ Municipal Court Rule 17(a), like Rule 17(a), FRCP, 28 U.S.C.A., provides that "every action shall be prosecuted in the name of the real party in interest", and Municipal Court Rule 19, like FRCP 19, provides that persons having a joint interest shall be made parties. There has been a divergence of opinion as to the applicability of this rule to an insurance company which by payment of part of a claim has acquired an interest therein. But the Supreme Court has recently settled the matter in United States of America v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 215, 94 L.Ed. 171. There the Court said that "of course an insurer-subrogee, who has substantial equity rights, qualifies as such [a real party in interest]. If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. * * * If it has paid only part of the loss, both the insured and insurer * * * have substantive rights against the tortfeasor which qualify them as real parties in interest." The Court went on to say that although either party may sue, joinder may be compelled by the defendant; that under FRCP 19(b) both are "necessary" parties, and that: "The plead-

ings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim." [1]

We rule that appellants in this case are in no position to press the point, because they have waived it. The trial judge offered to make the insurance company a "use plaintiff," and this would have revealed the interests of insured and insurer; but defendants' counsel objected. He frankly stated that his only reason was that the right of the insurance company to sue was barred by limitations. But the trial judge was not called upon to make any advance ruling on that question, for the insurance company was not then before the court. Thus, though the judge announced his willingness to bring the insurance company into the case defendants refused the offer. By such refusal they waived any claim of error as to parties, for if there was error they invited it.

Affirmed.

1. It is to be noted that though the case before the Supreme Court was brought under the Federal Tort Claims Act, the ruling governs private litigation as well. See Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417.