**LOGAN v. OLIVER et al.**

No. 1335.

Municipal Court of Appeals for the District of Columbia.

Argued April 20, 1953.

Decided May 14, 1953.

Robert H. Campbell, Washington, D. C., with whom O. E. Jones, Washington, D. C., was on the brief, for appellant.

E. Lewis Ferrell, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

The Olivers entered into a contract to purchase from Edmunds a piece of real estate and made a deposit of $500 with Logan, a real estate broker representing Edmunds. The contract was not carried out and the Olivers sued Edmunds and Logan for return of the deposit. Edmunds did not appear at the trial and the case was defended by Logan alone. Judgment went against Logan and he has appealed.

The trial court found that on the day fixed for settlement of the contract the Olivers were ready and prepared to settle, but that Edmunds refused to comply and that Edmunds had directed and authorized Logan to return the deposit to the Olivers. This finding was supported by the evidence and clearly entitled the Olivers to recover. Logan, however, claims there were errors committed at the trial which require a reversal.

His first claim of error relates to the testimony of one Davidson, an attorney, who testified that one of the Olivers and Edmunds came to see him in reference to collection of the $500 deposit from Logan, that they went to see Logan and there Edmunds directed Logan to refund to the Olivers their deposit, and that Logan admitted having the money but refused to return it. It is contended that this testimony was privileged under the attorney-client relationship. There is no merit to this argument. In the first place, Davidson was not attorney for Logan and the claim of privilege cannot be invoked by a third party.[1] In the second place, communications made in the presence of a third party or made to an attorney for the purpose of being conveyed by him to a third party are not confidential and therefore not privileged.[2]

1. Annotation, 2 A.L.R.2d 645.

2. Cafritz v. Koslow, 83 U.S.App.D.C. 212, 167 F.2d 749; Hiltpold v. Stern, D.C. Mun.App., 82 A.2d 123, 26 A.L.R.2d 852.

■ The second assignment of error is based on certain alleged rulings of the trial court admittedly not shown in the statement of proceedings and evidence. We are bound by the statement of proceedings and evidence certified by the trial court and must confine our review to the record before us.

■■ The third claim of error relates to the refusal of the trial judge to grant a continuance in the midst of the trial in order that a witness might be subpoenaed. The granting or denial of a request for a continuance rests in the sound discretion of the trial judge and no abuse of that discretion is here shown.

■ The fourth error claimed asserts a variance between pleading and proof. It is argued that plaintiff alleged a rescission of the contract but proved a breach of the contract. If there was a variance it is plain from the record that appellant was not misled or prejudiced thereby. The variance, if any, was immaterial.

■ Finally, it is claimed that there was error in not granting a motion for new trial. The claim is made that if a new trial is granted appellant would have an opportunity to present his full and complete defense. We are satisfied appellant has had such an opportunity and there was no abuse of discretion in the denial of his motion for new trial.

Affirmed.