### SMITH v. LEVENTHAL et al.
### No. 1334.

Municipal Court of Appeals for the District of Columbia.

Argued May 4, 1953.

Decided May 29, 1953.

Arthur L. Willcher, Washington, D. C., for appellant.

Joseph H. Schneider, Washington, D. C., with whom Ben Lindas and Albert Ginsberg, Washington, D. C., were on the brief, for appellees.

QUINN, Associate Judge.

Appellant sued for damages resulting from alleged wrongful eviction. After filing their answer, the appellees made a motion for summary judgment. This appeal is from the granting of that motion.

The complaint alleged that plaintiff was a tenant of an apartment and that defendants

had evicted him without notice or just cause. Plaintiff claimed both compensatory and punitive damages. In their answer the defendants stated that plaintiff's sister was the tenant of the apartment in question, and specifically denied any tenancy in plaintiff. They alleged further that plaintiff had knowledge of a suit for possession by defendants against his sister; that plaintiff had appeared in a representative capacity for her in the Municipal Court for the purpose of agreeing to a judgment for possession with a stay of execution. Attached to their answer was a copy of the stipulation entered into by the parties in that suit agreeing to a judgment for possession with a two-month stay of execution. The stipulation was signed by Smith's sister, by one of the appellees, Louis Leventhal, and by their respective attorneys. Nowhere in the possessory action does the name of the present appellant appear nor was he a party to the proceeding.

The basis of appellees' motion for summary judgment was that no landlord and tenant relationship existed between the parties. As there were no affidavits or depositions filed, the court had before it, in considering the motion, only the pleadings consisting of the complaint and answer and the prior stipulation attached thereto. Counsel for appellees states in his brief and in his oral argument that the trial court also had the entire files of the prior suits, but the only additional items before this court are the complaints for possession filed against appellant's sister and another person, and a rental agreement for the apartment signed by the sister with the previous owners back in 1943.[1]

The only question to be decided on this appeal is whether there was a genuine issue as to any material fact. If there was, then the trial court was in error in granting summary judgment. The rules

governing the granting of such motion are set forth in detail in Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766, and are sufficiently comprehensive to resolve the present case.[2] Both the rule itself[3] and Dewey v. Clark state very clearly that the motion will be granted only if there is no genuine issue of fact. A purely formal denial will not create such an issue, and any doubts about the genuineness of the issue will be resolved against the moving party. It was not the purpose of the rule to deprive a party of his day in court,[4] but it was merely intended to eliminate the necessity of trying cases which involve no real factual issue. In the present case appellant contends that a genuine issue of fact was presented as to whether appellant was in fact a tenant of the apartment in question. With this we agree. There is more here than a purely formal assertion and denial. The appellees deny Smith's tenancy, but there is nothing in the record to show as a matter of law that he was not a tenant. Appellees' counsel informs us that the judge who granted the motion was the same judge who had presided at the settlement of the prior suit between the appellees and appellant's sister, and that the judge remembered that the appellant was present when the case was settled and the stipulation signed. But no such facts appear in the record before this court, and in our review we are bound by the record.[5] The appellant was neither a party to the suit between his sister and the appellees, nor did he sign the stipulation of judgment which terminated that suit. The record does not reveal that he had any interest in that litigation whatsoever.

As the pleadings presented a genuine issue of fact, the court erred in granting the defendants' motion for summary judgment.

Reversed.

1. It should be noted that the rental agreement was not included in the record presented to this court, but under rule 32(c) we sent for and examined the file of the trial court and found therein the exhibit referred to.

2. See also Wittlin v. Giacalone, 81 U.S. App.D.C. 20, 154 F.2d 20; McConchie v.

Realty Associates, D.C.Mun.App., 54 A. 2d 862.

3. Municipal Court rule 56.

4. Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

5. Logan v. Oliver, D.C.Mun.App., 96 A.2d 516.