Philip L. MEISEL, Appellant,

v.

Ruth ALEXANDER, Appellee.

No. 1582.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 7, 1955.

Decided March 1, 1955.

Sol M. Alpher, Washington, D. C., with whom Louis E. Spiegler, Washington, D. C., on the brief, for appellant.

. Daniel B. Maher, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Ruth Alexander was a stockholder and former officer of a company dealing in television sets. She was sued by appellant Meisel on a promissory note which had been signed by her and a man named Mitchell, and which presumably covered an indebtedness of the company. Though Mitchell was first included as a defendant, plaintiff voluntarily dismissed as to him because of failure of service of process, and the case proceeded against Mrs. Alexander alone.

Her principal defenses were that she had signed the note under duress, and that the note had been discharged. Finding that both such defenses had been established the trial court ordered judgment for defendant, and this appeal followed.

In support of the defense of duress there was testimony that when plaintiff Meisel came to see Mrs. Alexander and presented the note to her, she refused to sign it on the ground that being only a stockholder she had no authority to do so; that in a harsh and loud voice he told her to sign the note or she would be sorry; that when she asked him to leave because she was all alone in the office he refused, saying that that was just the way he wanted to find her; that when she reached for the telephone to call for help he pushed her back into a chair and said he would leave if she would sign the note; that he became louder and louder and was practically screaming; then "in fear and trembling," and appre-

hensive of bodily injury, she put her signature on the note. This evidence, which the trial judge obviously had a right to believe, made out a strong case of mental duress and physical force as well. The law does not permit recovery on a note obtained in such a manner. See Rizzi v. Fanelli, D.C.Mun. App., 63 A.2d 872.

■ Appellant argues that the trial court should have found that defendant had "ratified" the note and was estopped from asserting the defense of duress. Aside from the fact that this contention was not presented at the trial and hence is not a proper subject of review,[1] there is no merit in appellant's argument. There was no evidence that Mrs. Alexander had ever said or done anything to "ratify" the note or to estop herself from asserting the claim of duress. On the contrary there was evidence that plaintiff himself later agreed that she was not to be held on the note, and that the note was to be returned after he and Mitchell, the co-signer went to a lawyer and worked out an arrangement for settlement of the corporate debt. There was in evidence a receipt signed by plaintiff Meisel, acknowledging full payment of the debt and cancelling the very note on which he later brought this action.

■ Claiming that the receipt just described had been altered to his detriment after he had signed it, plaintiff pleaded surprise and asked for a continuance in order to submit the receipt to a questioned-document expert. The trial judge refused a continuance. We think the record reveals no basis for plaintiff's claim of surprise. Defendant's answer, filed more than three months before trial, had specifically pleaded: "This note was fully discharged on April 14, 1952, and a receipt and an acknowledgment of payment in full was signed on that date by the plaintiff." In the ensuing months plaintiff failed to avail himself of any of the means provided by the rules of the trial court for discovery or for an inspection of the receipt in question.

Clearly, there was no abuse of discretion in refusing a continuance. Logan v. Oliver, D.C.Mun.App., 96 A.2d 516.

Moreover, the trial judge might well have felt that whether the note had been discharged by payment or not, the evidence of force and duress in its procurement was so strong as to lead inevitably to a decision for defendant.

Affirmed.

---

1. Brown v. Rudberg, 84 U.S.App.D.C. 221, 171 F.2d 831; Grant v. Williams, D.C.Mun. App., 94 A.2d 475.