Mark D. LLANES and Bell Cab Company, Inc., a corporation, Appellants,

v.

ALLSTATE INSURANCE COMPANY, a corporation, Appellee.

No. 2052.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 23, 1957.

Decided Dec. 5, 1957.

8. Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624, 626, 40 A.L.R. 937. See also in this connection Bartlett v. Bartlett, supra, note 7.

J. Lawrence Hall, Washington, D. C., for appellants.

George H. Eggers, Washington, D. C., with whom Douglas A. Clark, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In a previous action Rainbow Cab Co., Inc., (hereafter called Rainbow) sued Bell Cab Company, Inc., and its employee Llanes (hereafter jointly called Bell) and one Lawrence, alleging that due to the negligent operation of both Bell's automobile and Lawrence's automobile those two vehicles collided and as a result Lawrence's automobile struck and damaged Rainbow's automobile. Lawrence answered that the collision was due solely to Bell's negligence and cross-claimed against Bell for the damage to his automobile. At trial without a jury the court found that the collision was due entirely to the fault of Bell and gave judgment for Rainbow against Bell and for Lawrence on his cross-claim against Bell.

The judgment of Rainbow against Bell is in no way involved here. The question here is the effect of the judgment in Lawrence's favor on the present proceeding. The facts giving rise to this question are that Lawrence in his cross-claim sought damages of $791.67; that at trial it was shown that his insurer, Allstate Insurance Company, had paid him his entire loss less $50, the deductible amount under his policy; and that the trial court limited Lawrence's recovery to $50. Following that action Allstate brought the present proceeding against Bell to recover $755.35, the amount it had paid Lawrence under the policy of insurance. Both parties moved for summary judgment. Allstate's motion was granted and Bell has appealed.

The only contention advanced by Bell is that its single act of negligence causing damage to Lawrence's property gave rise to but one cause of action, and that recovery of judgment by Lawrence for a portion of the claim barred the later action by Allstate to recover the balance of the claim. In support of this argument Bell cites Moultroup v. Gorham, 113 Vt. 317, 34 A.2d 96; Dearden v. Hey, 304 Mass. 659, 24 N.E.2d 644, 127 A.L.R. 1077; Saber v. Supplee-Wills-Jones Milk Co., 181 Pa.Super. 167, 124 A.2d 620.

Whatever may be the rule elsewhere, we are controlled by the decision in United States v. Aetna Casualty & Surety Company, 338 U.S. 366, 382, 70 S.Ct. 207, 94 L.Ed. 171. In view of Federal Rule of Civil Procedure 17(a), 28 U.S.C.A. providing that every action shall be prosecuted in the name of the real party in interest (the Municipal Court has a similar rule, rule 17), the Supreme Court held that in cases of partial subrogation both insured and insurer "own" portions of the substantive right, should appear in the litigation in their own names, and either may sue; and that where only one sues, the defendant may upon timely motion compel their joinder. It was further held: "The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim."

Here in the previous action the pleadings did not, as they should, reveal the

actual interest of Lawrence or indicate the interest of Allstate. But this failure did not prejudice Bell, because the facts were revealed at trial. Bell then could have moved to compel the joinder of Allstate, but it failed to do so.[1] Allstate was a necessary but not an indispensable party, and Bell by failing to seek its joinder waived the defect of want of parties. It cannot now say that Allstate is barred from suing to enforce its interest. In Yorkshire Ins. Co. v. United States, 3 Cir., 171 F.2d 374, 376, affirmed United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, it was said that "the rule of one claim, one lawsuit, is for the benefit of the defendant, and he is the one who should make a timely claim to join the necessary parties." See also Harlem Cab Ass'n v. Diggs, D.C.Mun.App., 82 A.2d 143, 79 W.L.R. 831. Cf. Bahn to Use of Farm Bureau Mut. Auto Ins. Co. v. Shalev, D.C.Mun.App., 125 A.2d 678.

Affirmed.

1. Allstate says in its brief that it sought to intervene in the previous suit, but that such action was opposed by Bell. The record does not show that this occurred, but it is clear from the record that Bell took no affirmative action to compel Allstate's joinder.