Martha A. KEMP, Appellant,

v.

Mary SHLANTA, Appellee.

No. 2294.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 8, 1958.

Decided March 3, 1959.

Louis Ginberg, Washington, D. C., for appellant.

Dennis Collins, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant purchased a house from appellee. After the sale it was discovered that one of the two kitchens in the house had been installed by an unlicensed plumber who had not secured a permit to do the work. As a result appellant was forced to remove the kitchen.

Appellant then brought this suit against appellee, alleging in her complaint that appellee had orally represented to her, prior to the consummation of the sale, that the kitchen had been installed by a registered plumber and that an appropriate permit had been obtained.[1] At trial her testimony substantially supported her allegations. Appellee, however, denied that she had made any such statement to appellant. The trial court, sitting without a jury, found, among other things, that appellee had not made the representation attributed

1. The written contract is wholly silent on this point.

to her by appellant, and consequently entered judgment for appellee.

 On appeal appellant makes several arguments with respect to certain other findings and rulings of the court, but it is clear that, whatever the validity of those holdings, the factual finding which we have described above will suffice by itself to sustain the judgment. Appellant points to the court's finding to the effect that misrepresentations were made by the real estate broker who arranged the sale,[2] and contends that such acts should be imputed to appellee as a principal, but the case was neither brought nor tried on this theory.

Affirmed.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

2. Whether there were misrepresentations by the broker is highly doubtful on the evidence here.