**Mrs. Indiala STOUPER, Appellant**

v.

**Roger W. JONES, Chairman, U. S. Civil Service Commission, et al., Appellees.**

**No. 15586.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 28, 1960.

Decided Nov. 10, 1960.

---

Mr. David M. Klinedinst, Washington, D. C., for appellant.

Mr. Mark R. Joelson, Attorney, Department of Justice, with whom Asst. Atty. Gen. George C. Doub, Messrs. Oliver Gasch, U. S. Atty., and Alan S. Rosenthal, Attorney, Department of Justice, were on the brief, for appellees.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BURGER, Circuit Judges.

WILBUR K. MILLER, Chief Judge.

On October 1, 1953, appellant, who had completed more than ten years of Government service, was retired from her position as a plate printer's assistant at the Bureau of Engraving and Printing. Her retirement, due to disability, was pursuant to Section 6 of the Civil Service Retirement Act of May 29, 1930, as amended,[1] and a disability annuity was granted to her under that Act.

While appellant was receiving disability annuity payments, Congress enacted Public Law 854, the Federal Executive Pay Act of 1956,[2] Title IV of which amended the Civil Service Retirement Act of 1930. With reference to disability annuities, the amendment altered the 1930 Act by adding a new provision to the effect that, if the earning capacity of an annuitant were restored to a level fairly comparable to the current rate of pay for the position held immediately prior to retirement, the annuity would be discontinued.[3]

---

1. 62 Stat. 51, 52, 5 U.S.C.A. §§ 710, 711.

2. 70 Stat. 743, 5 U.S.C.A. § 2251.

3. Apparently this is so under the new Act, even if the annuitant still suffers the disability which caused his retirement. Sections 7(c) and (d) of the 1956 amendment, 5 U.S.C.A. § 2257(c) and (d), are as follows:

"(c) *Physical examination.* Each annuitant retired under this section or under section 6 of the Act of May 29, 1930, as amended, unless his disability is permanent in character, shall at the expiration of one year from the date of such retirement and annually thereafter, until reaching age sixty, be examined under the direction of the Commission. If the

On March 31, 1958, the Retirement Division of the Civil Service Commission determined that appellant had been restored to an earning capacity fairly comparable to the current rate of compensation for the position she occupied at the time of her retirement, in that her income for 1956 and 1957 exceeded 80 per cent of the current salary for the position she held in 1953. Accordingly, her disability annuity was discontinued February 28, 1959.[4]

After exhausting available administrative remedies, Mrs. Stouper brought this action against the members of the Civil Service Commission. She sought a judicial declaration that she was still entitled to the annuity originally granted, and a mandatory injunction directing the Commissioners to restore her disability payments. The District Court granted summary judgment to the Civil Service Commission, whereupon Mrs. Stouper appealed.

She argues that the 1956 Act, under the terms of which her annuity was discontinued, was in her case erroneously invoked because she retired under the 1930 Act and before the 1956 enactment; that, therefore, her rights are governed by the Act of 1930, and that the termination provision of the 1956 Act does not apply to her.

■ The language of the statute is unequivocal, and leaves no doubt that Section 7(d) applies to appellant. Section 7(d) provides for an annual medical examination of each annuitant retired under that section or under Section 6 of the Act of May 29, 1930, as amended. Section 7(d), immediately following, provides that "such annuitant" shall no longer be entitled to disability benefits when he is restored to an earning capacity fairly comparable to the current rate of compensation of the position occupied at the time of retirement. It is clear that the words "such annuitant" refer to those who retired either under Section 6 of the 1930 Act or under the 1956 amendment, and therefore include the present appellant.

Appellant argues further that, even if the 1956 amendment was intended to and literally does cover her situation, it cannot constitutionally be applied in her case because at the time of her retirement she acquired a vested right to an annuity that could not be taken from her by subsequent legislation.

■ It is well settled that a pension granted by the Government confers no right which cannot be revised, modified or recalled by subsequent legislation. United States ex rel. Burnett v. Teller, 1882, 107 U.S. 64, 2 S.Ct. 39, 27 L.Ed. 352. The question is whether that is also true under statutory arrangements for annuities to retired employees who have been required to contribute to the retirement fund by means of payroll deductions.

More than fifty years ago, this court held in Macfarland v. Bieber, 1909, 32 App.D.C. 513, that a District of Columbia employee who had contributed to the

---

annuitant fails to submit to examination as required under this section, payment of the annuity shall be suspended until continuance of the disability is satisfactorily established.

"(d) *Recovery from disability; discontinuance of annuity.* If such annuitant, before reaching age sixty, recovers from his disability or is restored to an earning capacity fairly comparable to the current rate of compensation of the position occupied at the time of retirement, payment of the annuity shall cease (1) upon re-employment by the Government, (2) one year from the date of the medical examination showing such

recovery, or (3) one year from the date of determination that he is so restored, whichever is earliest. Earning capacity shall be deemed restored if in each of two succeeding calendar years the income of the annuitant from wages or self-employment or both shall equal at least 80 percentum of the current rate of compensation of the position occupied immediately prior to retirement."

4. This termination, it should be noted, does not affect Mrs. Stouper's right to receive the deferred annuity to which she will be entitled when she has attained the age specified in the statute.

pension fund by payroll deductions had not acquired a vested property right which could not be taken from him by a subsequent act of Congress.

In Flemming v. Nestor, 1960, 363 U.S. 603, 609–610, 611, 80 S.Ct. 1367, 1371, 4 L.Ed.2d 1435, the Supreme Court examined a similar question with respect to the Social Security Act. Although the program set up by that Act is financed through a payroll tax levied on employees in covered employment, and on their employers, the Supreme Court deemed of "special importance * * * the fact that eligibility for benefits, and the amount of such benefits, do not in any true sense depend on contribution to the program through the payment of taxes, but rather on the earnings record of the primary beneficiary." Holding that "the noncontractual interest of an employee covered by the Act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments," the Supreme Court concluded "that a person covered by the Act has not such a right in benefit payments as would make every defeasance of 'accrued' interests violative of the Due Process Clause of the Fifth Amendment."

■ In like manner, benefits under the Civil Service Retirement Act are not based on the employee's contributions to the retirement fund, but instead on the employee's earnings record and his years of service. Under the survivor provisions, the Act gives greater benefits when the deceased employee is survived by a widow and children, than when he is survived only by his widow, although the employee's contribution to the retirement fund had been the same in either case. We conclude that an employee has no right under the Retirement Act based on contractual annuity principles, and hold the appellant had no vested right to the disability annuity which was terminated.

■ Mrs. Stouper argues that the discontinuance of her disability annuity on February 28, 1950, only eleven months after the determination that her earning capacity had been restored, was unlawful because Section 7(d) of the 1956 amendment authorizes discontinuance one year after the determination. As this argument was not presented to the District Court, we need not consider it. American Air Export & Import Co. v. O'Neill, 1954, 95 U.S.App.D.C. 274, 221 F.2d 829. This court cannot hold a trial court to be in error in failing to decide an issue not put before it in a civil action. Brown v. Rudberg, 1948, 84 U.S.App.D.C. 221, 171 F.2d 831. If the point were before us, we should hesitate to hold invalid the order of discontinuance, which was valid in all other respects, merely because the cessation of monthly payments may have been one month earlier than it should have been.

Affirmed.

BAZELON, Circuit Judge (concurring).

I join in the opinion of the court. I wish only to comment on the statement therein that "This court cannot hold a trial court to be in error in failing to decide an issue not put before it in a civil action. Brown v. Rudberg, 1948, 84 U.S.App.D.C. 221, 171 F.2d 831." [1] Admittedly, a trial court may not be held in error in these circumstances. But it does not follow that we can never decide such an issue or remand a case to the District Court with directions to decide it.

"There may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court

---

1. In that case, although this court refused to consider a contention which had not been raised below, we noted that the District Court had made an express finding of fact which would have precluded the new contention.

or administrative agency below. See Blair v. Oesterlein Machine Co., 275 U.S. 220, 225, 48 S.Ct. 87, 88, 72 L.Ed. 249." Hormel v. Helvering, 1941, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037.

See also Ward v. Anderson, 1953, 93 U.S. App.D.C. 156, 158–159, 208 F.2d 48, 50–51.