EMMCO INSURANCE COMPANY, a corporation, Appellant,

v.

Mary E. BROWN, Appellee.

No. 2874.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 11, 1961.

Decided March 5, 1962.

George F. Rabe, Washington, D. C., with whom Bond L. Holford and Donald J. Caulfield, Washington, D. C., were on the brief, for appellant.

Sol Friedman, Washington, D. C., with whom Leonard L. Lipshultz and Hyman L. Rosenberg, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

This appeal is from a summary judgment against appellant, plaintiff below, on the ground that a judgment adverse to its insured in the District Court was *res judicata* of its pending suit in the Municipal Court.

Following an automobile collision involving appellee Brown and one Bratton, Bratton's insurance company paid him under its insurance policy and thereafter brought suit in Municipal Court against Brown to recover this amount. Bratton filed suit subsequently in the United States District Court for the District of Columbia against Brown to recover damages in excess of $3,000.00 for personal injuries sustained by him in the accident, plus $100.00 representing the amount he had to pay under the deductible clause of his policy. In the Municipal Court Brown filed a motion to compel the joinder of Bratton "* * * in order to have a complete adjudication of the rights of the parties * * * to avoid multiplicity of suits" and alleging that without such joinder she would be "unable to assert any claim she has against the aforesaid Bratton." Emmco's answer to this motion alleged that it was the "real party in interest and has a separate and distinct claim from its insured" and that Bratton had a personal injury claim against Brown which may be "greater than the jurisdictional limits" of the Municipal Court. This motion was denied February 11, 1959. Another motion was filed on July 13, 1959, by Brown to

stay the proceedings, citing that the insured Bratton had filed suit in the District Court and that the two suits involved a common question of law and fact arising out of the same accident. On July 22, 1959, the following entry was made on the docket of the Municipal Court:

"Motion to stay proceedings granted by consent upon condition that pltf should be notified of final disposition of U. S. District Court action."

On January 23, 1961, after trial by jury in the District Court, judgment was returned in favor of Brown against Bratton. On April 12, 1961, the Municipal Court awarded summary judgment against Emmco in its action pending against Brown "on the grounds that the verdict and judgment in the District Court * * * is res adjudicata to the claim of the plaintiff, Emmco Insurance Company." The reasons given were that Emmco "was subrogee of its insured Bratton and, as such, got all of his rights but was subject to all the effect of verdict and judgment of the District Court," and further that Emmco was not prejudiced because it could have intervened in the District Court action.[1]

The question presented is one of law: Was the District Court judgment in the suit between the insured Bratton, as sole plaintiff, and Brown, as sole defendant, determinative of the right of Emmco, as subrogee under its collision insurance policy with Bratton? The problem arises because of the distinctive jurisdictional limitations of the courts of the District of Columbia.

The Municipal Court is one of limited jurisdiction and can entertain neither claims nor counterclaims in excess of $3,-000.00.[2] The District Court has jurisdiction over civil cases of a local nature claiming damages in excess of $3,000.00.[3]

Where then could the claims of Bratton and his insurance company, appellant herein, have been filed?

1. The claim of Bratton for personal injuries in excess of $3,000.00 plus the $100.00 deductible property damage could have been filed only in the District Court.

2. Emmco's property damage claim, being under $3,000.00, was not legally within the jurisdiction of the District Court, and there has been no showing that Emmco could have become a party to the District Court suit.[4] Therefore, it was properly filed in the Municipal Court.

█ It is well settled in this jurisdiction that a decision in one suit of properly presented and relevant issues of fact between parties is *res judicata* of those same issues of fact in a subsequent suit between the same parties or persons in privity with them.[5] This principle of law tends to pro-

1. No explanation of this statement appears in the record.

2. Code 1961, § 11–755. But see also § 11–756 which to a degree increases this jurisdiction by authorizing the District Court to transfer to the Municipal Court for trial any action which would not justify a judgment in excess of $3,000.00 but extending the jurisdiction of the Municipal Court to the *ad damnum* amount claimed in the District Court. The Municipal Court, however, has no power to transfer cases to the District Court.

3. A recent statute (Public Law 87–242), 75 Stat. 513 effective October 14, 1961, gives the Municipal Court exclusive jurisdiction of all crossclaims and counterclaims interposed in all actions instituted after the effective date over which it has jurisdiction, *regardless of the amount involved*. This amendment to the D.C. Code is not applicable to the present case, but in the future will eliminate some of the problems of jurisdiction between the two courts.

4. Cf. Continental Bus. Systems, Inc. v. Rohwer, 172 F.Supp. 487 (D.C.Colo.); First National Bank of Bloomingdale v. Manufacturers Trust Co., 2 F.R.D. 125 (D.C.N.J.).

5. Litchfield Admr. v. Crane Admr., 123 U.S. 549 at 550–551, 8 S.Ct. 210, 31 L. Ed. 199, quoting from Greenleaf on the Law of Evidence, Vol. I, § 523; but cf. David v. Nemerofsky, D.C.Mun.App., 41 A.2d 838.

tect both the courts and the litigants in that it serves the policy of the law to end litigation by precluding the parties to a prior action between them from retrial of the same factual issues, whether in the same cause or in a different one. There are, however, limiting conditions. One is that both parties shall have a full opportunity to present causes or defenses and to secure full and adequate relief in accordance with substantive rights.[6] This means that everyone is entitled to his "day in court" and, further, an adjudication by a court competent to hear the issues of liability, to decide causes, and to afford relief to the parties in the consideration of their respective substantive rights.

In the instant case, because of jurisdictional limitations of the District Court, Emmco could not present its claim for determination in the same suit instituted by its insured for personal injuries and part of a property damage claim. And it cannot be said that Emmco's consent to the stay of proceedings in the Municipal Court amounted to an acceptance to be bound by the verdict of the District Court without an express stipulation to that effect in the consent order. No such stipulation was made. As a result, Emmco had no opportunity to present its evidence, to take part in the trial in the District Court through its own counsel, and to take an appeal if justified in respect to its part of a substantive right.

Some jurisdictions recognize the "single cause of action" rule, holding that there can be no division of a claim into several parts and no separate trials of a divided claim. But whatever may be the rule elsewhere, the law in this jurisdiction has been settled by the adoption here[7] of a decision of the United States Supreme Court. In United States v. Aetna Casualty & Surety Company, 338 U.S. 366, 382, 70 S.Ct. 207, 94 L.Ed. 171, the Court held that in view of Federal Rule of Civil Procedure 17(a), 28 U.S.C., providing that every action shall be prosecuted in the name of the real party in interest,[8] both insurer and insured "own" portions of the substantive right, should appear in the litigation in their own names, and either may sue; and that where only one sues, the defendant may upon timely motion compel their joinder. And in Yorkshire Insurance Co. v. United States, (3rd Cir.), 171 F.2d 374, 376, affirmed in United States v. Aetna Casualty & Surety Co., supra, it was held that "the rule of one claim, one lawsuit, is for the benefit of the defendant, and he is the one who should make a timely claim to join the necessary parties."

Emmco, having delayed its trial under an order staying its suit in the Municipal Court and not having been a party in the District Court suit, is not precluded by the doctrine of *res judicata* from having its trial now. Even in those states recognizing the "single cause of action" rule, a separation of causes of action is generally recognized as an exception where an insurer has acquired by assignment or by subrogation the right to recover for money it has advanced to pay for property damage.[9] Under the circumstances of the present case, the relationship of subrogor and subrogee in a partial subrogation is not one of privity so that the doctrine of *res judicata* must be applied in the absence of opportunity for the subrogee to participate as a party in the trial of a divisible property damage claim between its subrogor and defendant. Having

6. Litchfield Admr. v. Crane Admr., supra, note 5.

7. In Llanes v. Allstate Insurance Co., D.C. Mun.App., 136 A.2d 586, which case is distinguishable from the instant case only by the fact that in the Llanes case the defendant could have *compelled* the joinder of the insurer as a necessary party since its claim was within the jurisdiction of the Municipal Court and, having failed to do so, waived defect of want of parties.

8. The Municipal Court has a similar Rule 17(a).

9. Sodak Distributing Co. v. Wayne, 77 S.Dak. 496, 93 N.W.2d 791, quoting at p. 794 from Rush v. City of Maple Heights, 167 Ohio St. 221, 147 N.E.2d 599, 606, 75 A.L.R.2d 103.

obtained a substantive right by payment of all but $100.00 of its insured's property damage and not yet having the chance to proceed to a trial of this right in a court of competent jurisdiction (which it chose), the appellant is entitled to present its case against the appellee through its own counsel now.

Reversed and remanded for trial.