**BOSTON INSURANCE CO., a corp., and The Ohio Casualty Insurance Co., Appellants,**

v.

**Bonnie C. EGGLESTON, Appellee.**

No. 3082.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 9, 1962.

Decided Nov. 27, 1962.

---

1. Degree v. United States, D.C.Mun.App., 144 A.2d 547. (1958).

2. United States v. Shannon, D.C.Mun.App., 144 A.2d 267 (1958).

Albert D. Brault, Washington, D. C., with whom Laurence T. Scott, Washington, D. C., was on the brief, for appellants.

Francis C. O'Brien, Washington, D. C., with whom William T. Clague, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

In 1959 there was a collision between automobiles driven by Eggleston and one Dorsey. Eggleston's automobile crashed into a liquor store operated by Mr. and Mrs. Footer, damaging the building and some contents in the store. The damage to the building was $916.53 and the damage to the contents of the store was $215.43. Home Insurance (a company not involved

in this appeal) paid $916.53 to the owner of the building and became subrogated to that claim. Home Insurance and the two appellant insurers paid pro-rata amounts to the Footers for damages to the store contents. Home Insurance and the Footers brought a suit against Dorsey and Eggleston, and it was decided as follows:

"Judgment on the finding for the Plaintiff Home Insurance Company against Defendants Eggleston and Dorsey in the sum of $988.31 plus interest and cost. Further judgment on the finding for the Defendants Eggleston and Dorsey on the claim of Joseph and Sarah Footer. * * *"

Before that judgment was entered Boston Insurance and Ohio Casualty filed a motion to intervene in the suit; but because of their failure to appear, leave to intervene was denied. They did not appeal from the denial of intervention. Instead, after judgment they brought this new suit, and it was decided against them.

■ It is recognized that a subrogated insurer is a real party in interest in a suit between its insured and a third party. We have held that both insurer and insured "own" portions of the substantive right and each may either appear in such suit in his own name or sue separately.[1] A determination of the merits of a suit between the insured and a third party is res judicata to the insurer's claim; the insurer having no greater rights than its insured. Thus if the insured is barred from bringing suit, so is the insurer.[2] And if the insured recovers, its insurer is also entitled to recover.[3] We therefore must look to the judgment in the prior action to determine the rights of Boston Insurance and Ohio Casualty in this case. The judgment in favor of Dorsey and Eggleston in that suit is not consistent with the judgment in that same suit in favor of Home Insurance against Dorsey and Eggleston, since the claim of Home Insurance was based upon a partial subrogation of the Footers' claim against the defendants. Because of this inconsistency we cannot determine whether the judgment against the Footers was based upon the merits of their claim or whether the Footers were denied recovery because their damages had been paid in full by their insurers. Thus we cannot say that the judgment against the Footers in the prior suit prevented appellants from bringing this suit.

■ ■ The next question is whether the denial of appellants' motion to intervene precluded them from bringing the present suit. Their intervention in the prior suit was clearly a matter of right[4] under the court's rules.[5] As intervenors of right appellants could have appealed from the denial of intervention.[6] And, once admitted as parties they could have appealed from a judgment adverse to them.[7]

1. Llanes v. Allstate Insurance Company, D.C.Mun.App., 136 A.2d 586.

2. Firemen's Ins. Co. of Newark v. L. P. Steuart & Bro., Inc., D.C.Mun.App., 158 A.2d 675. But see, Emmco Insurance Co. v. Brown, D.C.Mun.App., 178 A.2d 429, where a different result was reached because the insurer could not have participated in its insured's suit.

3. Llanes v. Allstate Insurance Company, supra.

4. Kelley v. Summers, 10th Cir., 210 F.2d 665; Virginia Electric & Power Co. v. Carolina Peanut Co., 4th Cir., 186 F.2d 816, 32 A.L.R.2d 234; Sloan v. Appalachian Electric Power Co., D.C.S.D. W.Va., 27 F.Supp. 108; Verges v. News Syndicate Co., D.C.S.D.N.Y., 11 F.R.D. 587.

5. Municipal Court Civil Rule 24(a): "(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: * * * or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *."

6. Virginia Electric & Power Co. v. Carolina Peanut Co., supra; 4 Moore, Federal Practice § 24.15.

7. 4 Moore, Federal Practice § 24.15.

But it does not follow that they were *required* to intervene, or that such was the only and final avenue open to them. Nor does it follow that because they did not further press or insist on their right as intervenors, they were abandoning such right.[8] Their absence from the case as parties did not, so far as the record indicates, affect the proofs adduced or control the course and outcome of that suit. We find in the record no basis for holding that these appellants were precluded by the judgment adverse to the Footers in the prior suit.

Reversed, for further proceedings in accordance with the foregoing opinion.

---

8. Kelley v. Summers, supra.