John George HOFFMAN, Plaintiff,

v.

Halbert W. DODD, Director, Office of Hearings and Appeals representing the Private Railroad Retirement Board, Defendant.

No. 71 C 1338.

United States District Court,
N. D. Illinois, E. D.
July 29, 1971.

John George Hoffman, pro se.

William J. Bauer, U. S. Atty., Matt. P. Cushner, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

This is a pro se action apparently brought against the Railroad Retirement Board [1] to review a decision of a referee of the Board's Office of Hearings and Appeals, an intermediate appellate unit within the Board, who held that plaintiff was not entitled to a greater annuity under the Railroad Retirement Act, 45 U.S. C. §§ 228a–228z–1 than that which he is currently receiving. The plaintiff contends that the offset provision con-

1. Although Halbert W. Dodd is named as the defendant in this action, it is apparent from the fact that Mr. Dodd is designated as "Director Office of Hearings and Appeals Representing the private Railroad Retirement Board" and from the fact that the complaint seeks review of a decision concerning annuity benefits under the Railroad Retirement Act, that the action is actually against the Railroad Retirement Board.

tained in Section 1 of Public Law 91–377, which was approved August 12, 1970, and which amended Section 3(a) of the Railroad Retirement Act, 45 U.S.C. § 228c(a), is an unconstitutional ex post facto law. This provision, applicable where an individual is entitled to both railroad retirement and social security benefits, increases an individual's railroad retirement annuity by 15 per cent but requires that such increase be offset by the amount of the increase in the individual's social security benefits resulting from the Social Security Amendments of 1969.[2] The defendant moves to dismiss the complaint on the ground that this Court does not have jurisdiction to review a decision of the Railroad Retirement Board and that the complaint otherwise fails to state a cause of action.

Section 11 of the Railroad Retirement Act, 45 U.S.C. § 228k, provides that judicial review of actions determining the rights of any person under the Act shall be afforded in the same manner as is afforded by the Railroad Unemployment Insurance Act, 45 U.S.C. §§ 351–367. Section 5 of that Act, 45 U.S.C. § 355, provides that judicial review shall only be had "in the United States Court of Appeals for the Circuit in which the claimant or other party resides or will have had his principal place of business or principal executive office, or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia." 45 U.S.C. § 355(f). Section 355(g) provides that all findings of fact and conclusions of law made by the Board shall be final and not subject to review except in the manner specified in Section 355(f).

■ It is clear from the foregoing provisions that jurisdiction to review decisions of the Board under the Railroad Retirement Act is now vested exclusively in the United States Court of Appeals, and that a United States District Court has no jurisdiction to review any such decision. Cassidy v. Railroad Retirement Board, Civil Action No. 49 C 1052 (N.D.Ill.1949); Crane v. Railroad Retirement Board, Civil Action No. 2583 (N.D.Ga.1947).

■■ Even assuming that this complaint is not seeking review of agency action, but is purely an attack on the constitutionality of the statute over which we do have jurisdiction, there would appear to be considerable doubt that plaintiff has stated facts upon which relief could be granted. The offset provision of the Railroad Retirement Act is a prima facie valid exercise of Congressional authority and does not involve an ex post facto law as contended by the plaintiff. The offset provision merely grants an increase in annuity benefits subject to limitations contained in the very section granting the increase. It is obvious that Congress may grant, increase, or decrease benefits subject to the due process limitations against patently arbitrary action, utterly lacking in rational justification. Flemming v. Nestor, 363 U.S. 603, 610–611, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). *Cf.*, Stouper v. Jones, 109 U.S.App.D.C. 106, 284 F.2d 240 (1960); Price v. Flemming, 280 F.2d 956 (3rd Cir. 1960), cert. denied, 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695 (1961); Ruhl v. Railroad Retirement Board, 342 F.2d 662, 666 (7th Cir. 1965). Unless it could be established that Congress' action deprives participants of otherwise vested rights, which plaintiff does not contend, we do not believe that the challenged Congressional action may be so classified.

■ In connection with our conclusion that the Court of Appeals for the Seventh Circuit, not we, have jurisdiction to review Railroad Retirement Board decisions, we must note that such jurisdiction would exist only *after* the plaintiff has exhausted all administrative remedies. 45 U.S.C. § 355(f). It appears

---

2. In the instant case, the railroad retirement annuity increase amounted to $21.48, and the social security annuity increase amounted to $8.32. After the offset, the plaintiff's railroad annuity was increased by only $13.16.

from the record in this case that plaintiff has only gone through the intermediate appellate review level of the Railroad Retirement Board and has not taken a final appeal to the Board itself as authorized in Section 260.3 of Title 20 of the Code of Federal Regulations. Such an appeal, however, must be prosecuted within four months of the date upon which notice of the decision of the appellate level referee was mailed to the plaintiff. If such time period has elapsed, plaintiff may have no further remedy available to him.

An order will enter dismissing the plaintiff's complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted.