**EMMCO INSURANCE COMPANY,**
Appellant,

v.

**WHITE MOTOR CORPORATION, et al., Appellees.**

No. 80–764.

District of Columbia Court of Appeals.

Argued Jan. 14, 1981.

Decided April 21, 1981.

Steven A. Skalet, Washington, D. C., with whom Benny L. Kass, Washington, D. C.,

was on the brief, for appellant. Arnold D. Spevack, Washington, D. C., also entered an appearance for appellant.

Wade J. Gallagher, Washington, D. C., with whom F. Wainwright Barnes and James C. Gregg, Washington, D. C., were on the brief, for appellees.

Before KERN, HARRIS and PRYOR, Associate Judges.

PRYOR, Associate Judge:

Appellant alleges an abuse of discretion on the part of the trial court in denying its application to intervene in a civil action filed against appellees. The basis of the court's ruling was that the application was not timely filed and that the intervention would unduly delay and prejudice adjudication of the rights of the original parties. Finding appellant's position to be without merit, we affirm.

Plaintiff, James R. Coleman, owned and operated a dump truck either manufactured or sold by appellees. While Coleman was driving the truck on December 31, 1974, it is alleged that a mechanism of the vehicle malfunctioned causing it to overturn. Coleman filed suit against appellees in July of 1976 alleging negligence in the design and manufacture of the truck, breach of warranty and strict liability. However, plaintiff sought damages for personal injuries only, since on May 19, 1975, his insurance carrier, Emmco Insurance Company, the appellant herein, paid him the sum of $16,-764.43 for damage to the truck pursuant to an insurance contract.

During the course of the next four years, Coleman and White Motor Company engaged in discovery which was ordered by the court to be completed no later than April 15, 1980. Trial was scheduled for May 29, 1980. A pretrial conference commenced on May 7 and was to resume on May 15th. On May 8, 1980, appellant moved to intervene pursuant to Super.Ct. Civ.R. 24(b) on the basis of its subrogated claim against appellees. However, the case was settled and dismissed by the original parties to the suit at the second pretrial conference conducted on May 15, 1980. Thereafter, the court, on May 16, 1980, denied appellant's motion to intervene on the grounds previously stated.

I

Super.Ct.Civ.R. 24 provides for intervention as a matter of right (24(a)) and also permissive intervention (24(b)). In this instance, appellant sought to enter the case pursuant to that part of the rule requiring the court's permission. The rule provides in pertinent part:

(b) PERMISSIVE INTERVENTION. Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

There is no dispute that as a subrogated insurer appellant is deemed to be a real party in interest in Coleman's suit and as such is entitled to seek intervention. *See Boston Insurance Co. v. Eggleston*, D.C. Mun.App., 185 A.2d 914, 916 (1962). Both parties recognize that appellant's claim and the main action involve questions of law and fact that are common to both. In fact, appellant states that its purpose in seeking intervention was to assure that the proper evidence was introduced at trial concerning the extent of damages to the insured truck. Thus, we are only concerned with the propriety of the court's ruling as it relates to the grounds upon which it denied appellant's application.

 Rule 24(b) requires that an application for intervention be "timely" filed. "If it is untimely, intervention must be denied. Thus, the court where the action is pending must first be satisfied as to timeli-

ness." *NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 2602, 37 L.Ed.2d 648 (1973) (footnote omitted). A determination as to the timeliness of the application is left to the sound discretion of the trial court, and its judgment will not be disturbed upon review in the absence of an abuse of discretion. "Timeliness is to be determined from all the circumstances." *Id.* at 366, 93 S.Ct. at 2603 (footnote omitted). Accordingly, the court should take into consideration the following factors:

(1) the length of the intervenor's delay in filing its application (the length is to be measured from the time that the applicant actually knew or reasonably should have known of its interest in the main action);

(2) the reason for the delay;

(3) the stage to which the litigation had progressed when intervention was sought;

(4) the prejudice that the original parties may suffer if the application is granted; and

(5) the prejudice that the intervenor may suffer if its application is denied.

*See Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir.), *cert. denied sub nom. Beaver v. Alaniz*, 439 U.S. 837, 99 S.Ct. 123, 58 L.Ed.2d 134 (1978); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977); *McClain v. Wagner Electric Corp.*, 550 F.2d 1115, 1120 (8th Cir. 1977); *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501, 506 (3d Cir.), *cert. denied sub nom. Fire Officers Union v. Pennsylvania*, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976); *EEOC v. United Air Lines, Inc.*, 515 F.2d 946, 949 (7th Cir. 1975).

■ Appellant did not file its application to intervene until almost four years after Coleman brought suit against appellees. There can be no question as to appellant's awareness of its interest in plaintiff's suit, for it had previously paid Coleman $16,-764.43 as compensation for the truck. Nor has appellant advanced any reason justify-ing such a long delay. At the time appellant sought to intervene, the original parties were ready to proceed to trial. Discovery had been completed, all parties had submitted their pretrial statements and the pretrial conference had commenced. We note that the incident which gave rise to this suit occurred five and one-half years earlier. If appellant had been permitted to intervene, a substantial continuance of the May 29th trial date would have been necessary. Since Coleman had sought no recovery as to the truck, the damage to it was not then a part of the litigation. In fairness to appellees, additional discovery surrounding the question of property damage would have been appropriate. In short, without submitting any reasons for its tardiness in coming forward, appellant wanted the court and the original parties to the action to halt the progress of the litigation and belatedly incorporate its claim into the case. The prejudice to the original litigants is clear.

■ While the above factors weigh heavily against appellant, we must also take into consideration its interest. Normally, a subrogee, as a real party in interest, has the right to bring a separate action against a third party for damages paid to a subrogor arising out of a cause of action that the subrogor has against a third party. *Boston Insurance Co. v. Eggleston, supra* at 916. Hence, appellant would have been permitted to institute its own action against appellees, as a matter of course or upon denial of its application to intervene. However, because appellant waited so long to seek intervention after Coleman filed his action against appellees, the statute of limitations had long since run, thus effectively barring appellant's right to maintain its own action. *See Aetna Casualty & Surety Co. v. Windsor*, D.C.App., 353 A.2d 684 (1976). The prejudice suffered by appellant is that it must bear the loss of the $16,764.43 payment made to Coleman. It cannot be doubted that this was a foreseeable result of appellant's failure to act in a more time-

ly fashion and should reasonably have been anticipated.

Under the circumstances presented we find, after considering the questions of timeliness, prejudice and delay, that the court did not abuse its discretion in denying relief under Rule 24(b).

## II

 In submitting its application for intervention to the trial court, appellant relied solely upon permissive intervention. In this court, however, it asserts, for the first time, that it was entitled to intervene as a matter of right under Rule 24(a). In support of its position appellant relies upon *Wolpe v. Poretsky*, 79 U.S.App.D.C. 141, 144 F.2d 505, *cert. denied*, 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621 (1944). We disagree. This court has long adhered to the policy that a party generally will not be allowed to raise an issue on appeal that was not presented to the trial court. *See Kemp v. Shlanta*, D.C.Mun.App., 148 A.2d 712, 713 (1959); *Meisel v. Alexander*, D.C.Mun.App., 111 A.2d 873, 874 (1955); *Grant v. Williams*, D.C.Mun.App., 94 A.2d 475, 478 (1953).

Appellant mistakenly argues that *Wolpe* stands for the proposition that the court of appeals may decide the question of a party's right to intervene as a matter of right even though the party only sought permissive intervention below. In *Wolpe*, appellee, Harry Poretsky, successfully brought suit against the District of Columbia Zoning Commission to enjoin it from carrying into effect a particular zoning order. After the Zoning Commission decided not to appeal, adjoining property owners filed a motion to intervene under Fed.R.Civ.P. 24(b) in order to seek a new trial or to appeal the court's judgment. The lower court, however, denied appellants' motion. In reviewing the circumstances on appeal, the court stated in *Wolpe* that despite the sole reliance upon Rule 24(b) in seeking intervention, the ad-

joining property owners had "such a vital interest in the result of that suit that they should be granted permission to intervene as a matter of course *unless compelling reasons against such intervention are shown.*" *Id.* 79 U.S.App.D.C. at 144, 144 F.2d at 508 (footnote omitted; emphasis added). We find no such compelling reasons in this case. Indeed, Rule 24(a) presents similar problems of timeliness to appellant's position.*

Accordingly, the ruling of the trial court is

*Affirmed.*

---

* Super.Ct.Civ.R. 24(a) also provides that an application seeking intervention as a matter of right be "timely" filed.