**JOHNSTON et al. v. REILY.**

**No. 9267.**

United States Court of Appeals
District of Columbia.

Argued Jan. 9, 1947.

Decided Feb. 10, 1947.

Mr. Frederic N. Towers, of Washington, D. C., with whom Messrs. Norman B. Frost and Frank H. Myers, both of Washington, D. C., were on the brief, for appellants.

Mr. G. A. Chadwick, Jr., of Washington, D. C., also entered an appearance for appellants.

Mr. Louis Ginberg, of Washington D. C., with whom Messrs. Dorsey K. Offutt and Carlton F. Alm, both of Washington D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellants were defendants in a civil action for breach of contract. In the course of the trial before a jury, counsel for the plaintiff Reily offered, through the testimony of a witness Milburn, a letter addressed to Milburn and signed by one Sisto. The court admitted the letter over objection and after some discussion. The only point urged by appellants is error in the admission of the letter.

The controversy revolved around the public financing, by the sale of stock, of a steel corporation. The question was whether Reily was entitled to a commission upon the transaction pursuant to an alleged agreement between him and appellants. The principal underwriter in the financing was the New York firm of Tobey & Company. Sisto was chairman of the board of the steel corporation. Reily was an employee of Johnston, Lemon & Company, appellants' trade name. The principal questions of fact were the nature of the contract between Johnston, Lemon & Company and Reily, and

whether Reily had any material part in securing, through Tobey & Company, a part in the financing for Johnston, Lemon & Company. The latter took the deposition of Mr. Sisto. He testified that Reily had no part in obtaining participation by Johnston, Lemon & Company in the offering. He was not asked any questions about the letter to Milburn, because, it was later explained, counsel for none of the parties knew of the letter at that time. The first two paragraphs of the disputed letter read:

"My advice to Phil Reily is that he should look for compensation or interest from Messrs. Johnston, Lemon & Company. This is in reply to your request as to my opinion —'where, what, when and why we, you or they should do about it.'

"Very frankly, in directing Johnston, Lemon & Company to Tobey & Company, I felt certain in my mind that Phil's efforts would be recognized by them."

When the letter was offered, counsel for the appellant objected, and when the court asked, "What is your objection?", he said: "My objection is to the second paragraph in particular which contains a feeling where he says he feels certain that certain things were to take place. I can't cross-examine Mr. Sisto on this subject, and there is an implication there that I am sure is not justified by the facts in this case. It is a kind of precatory expression on the part of the writer." Later in the discussion, counsel said, "Well, in the second paragraph of this letter the expression is very equivocal." And again, "Yes, sir, he would have been interrogated about this letter had I known of its existence, but it was not in my hands nor in the hands of my client, you see. It was in the hands of this witness who is a stranger to the transaction." His associate counsel said, "May it please the Court, may I say that there is nothing directly stated by the witness here. He only infers and feels and assumes. It is no direct statement."

Appellants now say that the letter was pure hearsay, and that it could not be admitted for the purpose of impeaching Mr. Sisto's testimony upon the deposition, because no foundation had been laid for that use. We have no difficulty in agreeing with both of those contentions. The question is whether counsel stated those grounds of objection to the trial court with sufficient precision and clarity to present the point upon appeal.

It has always been the rule of practice in the federal courts that an objection to the admission of evidence must state the specific ground of the objection. In Noonan v. Caledonia Gold Mining Co., 1887, 121 U.S. 393, 7 S.Ct. 911, 915, 30 L. Ed. 1061, the Supreme Court said: "The rule is universal, that where an objection is so general as not to indicate the specific grounds upon which it is made, it is unavailing on appeal, unless it be of such a character that it could not have been obviated at the trial. The authorities on this point are all one way. Objections to the admission of evidence must be of such a specific character as to indicate distinctly the grounds upon which the party relies, so as to give the other side full opportunity to obviate them at the time, if under any circumstances that can be done." That statement has been quoted many times in the federal courts, and the doctrine appears to have been followed without exception in civil cases. Rule 46 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires that a party must make known to the court his objection "and his grounds therefor". The Rule is a codification of the rule of practice already existing.

This is not a mere technicality but is of substance in the administration of the business of the courts. Enormous confusion and interminable delay would result if counsel were permitted to appeal upon points not presented to the court below. Almost every case would in effect be tried twice under any such practice. While the rule may work hardship in individual cases, it is necessary that its integrity be preserved.

Appellants refer to the New England Newspaper Publishing Company and Grandison cases,[1] wherein the courts held

[1] New England Newspaper Pub. Co. v. Bonner, 1 Cir., 1934, 68 F.2d 880; Grandison v. Robertson, 2 Cir., 1916, 231 F. 785.

that general objections are sufficient where the ground is so manifest that the trial court and counsel cannot fail to understand it. We give full weight to that doctrine. But the latter of those cases also recites the other rule, equally well established, that when the objection is specific it is deemed to be limited to the ground or grounds specified, and it does not cover others not specified.[2]

The gist of the rule is that the court, and the opposing party, must be made aware of the precise ground upon which the objector relies. In the case at bar, it is perfectly clear that counsel did not actually say that he objected on the ground that the letter was hearsay or that no proper foundation had been laid for its use as an impeachment. So the question becomes whether the language which he did use was such as to advise the court and the opposing party that those were the grounds of the objection. There is nothing in the colloquy between court and counsel to indicate that the court or opposing counsel so understood. Thus the question narrows to whether they should have understood.

■ Upon this last question it is material to note that several letters had been presented and admitted during the course of the trial before the disputed letter was offered. The plaintiff's Exhibit No. 1 was a letter from Sisto to Johnston, Lemon & Company, and No. 2 was a letter from Johnston, Lemon & Company to Sisto. They were presented by Reily while he was on the witness stand. Opposing counsel objected to one of the documents on the ground that it was merely an unsigned typewritten copy, and to the other on the ground that it was not signed by the defendant. Both letters were admitted. The Prospectus, concerning the proposed financing, was admitted without objection. Another letter, from one McCall to Reily, was admitted without objection. The annual report of the steel corporation was admitted without objection upon identification by Reily. No objections upon the ground of hearsay or lack of foundation were made to any of these documents. It was against this background that the disputed letter was offered. A colloquy at the bench ensued. Counsel had ample opportunity to make certain that the court understood the precise grounds of the objection. His actual statement was that the letter did not make a positive assertion of fact but only expressed an opinion. That ground is not urged before us. We do not think that the statement as made was such as to require the court and opposing counsel to understand that hearsay and lack of foundation were the real grounds of the objection. It follows that we do not think that the statement of grounds made in the trial court met the requirements necessary to permit consideration of the point now urged upon this appeal.

Affirmed.

---

[2] Stebbins v. Duncan, 1883, 108 U.S. 32, 2 S.Ct. 313, 27 L.Ed. 641.