## MORSKI v. MURPHY.

### No. 1164.

Municipal Court of Appeals
District of Columbia.

Argued Dec. 17, 1951.

Decided Jan. 11, 1952.

Harry L. Ryan, Jr., Washington, D. C., for appellant.

Everett M. Raffel, Washington, D. C. (Albert Brick, Washington, D. C., on the brief), for appellee.

Before CAYTON, C. J., and HOOD and QUINN, JJ.

CAYTON, Chief Judge.

A landlord brings this appeal from a judgment of $1080 entered against her in a suit for overcharges of rent on an apartment under the District of Columbia Emergency Rent Act, Code 1940, Supp. VII, 45–1610.

The tenant's complaint was that though on the statutory freeze date, January 1, 1941, the monthly rental was $50, the landlord for some three years commencing in 1947 charged and collected from the tenant rent at the rate of $65 per month. The landlord contended that the freeze date rental was actually $65 and that the tenant who was then in possession, a man named McWilliams, paid $50 per month in cash and received a monthly credit of $15 for services performed in a jewelry store operated by defendant's husband on the first floor of the building. There was evidence in behalf of landlord to support that claim. But McWilliams, the 1941 tenant, swore that he paid only $50 per month, that he had no arrangement for rendering services in part payment of rent and in fact did no work in the jewelry store until September 1941. In view of this conflicting testimony, we cannot say that the trial judge was wrong in deciding the case as he did.

Another assignment of error relates to a ruling on a question of evidence. During the direct examination of defendant her counsel asked her about negotiations with the plaintiff concerning the occupancy of the apartment. Opposing counsel objected on the ground that the testimony would be irrelevant to the question of rent overcharges. Counsel for landlord made an offer of testimony based on a recital in the answer that the premises had been "rented by plaintiff in conjunction with a business venture, which agreement the plaintiff herein breached and failed to comply with." The trial judge sustained the objection and then defense counsel said merely, "I proffer evidence in support of that defense raised in the pleadings." We cannot say that the ruling was erroneous. The allegation in the answer was extremely vague at best and did not inform plaintiff or the court what the landlord intended to prove. Equally vague was the proffer of evidence. Couched as it was in general language, it did not make known what line of evidence counsel proposed to follow.

In this court appellant seems to argue that she would have been able to prove that her relation with the appellee was not landlord and tenant but master and servant, under the ruling in Turner v. Mertz, 55 App.D.C. 177, 3 F.2d 348, 39 A.L.R. 1140, and that hence the situation was not governed by the Rent Act. But that proposition was never mentioned during the trial or in appellant's motion for a new trial or in a memorandum of law filed in support thereof. Indeed the answer virtually admitted a landlord-tenant relationship. The master and servant theory is advanced for

the first time in this court. Hence we must invoke the well-established and entirely reasonable rule that the theory of a case not presented in the trial court may not furnish the basis for reversal on appeal. Johnston v. Reily, 82 U.S.App.D.C. 6, 160 F.2d 249; Firestone Tire & Rubber Co. v. Hillow, to Use of American Auto Ins. Co., D.C.Mun.App., 65 A.2d 338. See also Cavalier v. Weinstein, D.C.Mun.App., 80 A.2d 918.

Affirmed.