**JOHNSON et ux. v. GINNIS et al.**

**No. 1204.**

Municipal Court of Appeals
District of Columbia.

Argued April 28, 1952.

Decided May 21, 1952.

Herman Miller, Washington, D. C., for appellants.

Milton Dunn, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This was a suit against Nicholas Johnson and his wife for rent overcharges and for damages for unlawful eviction. Plaintiffs alleged that the unlawful eviction was malicious and wilful and demanded both compensatory and punitive damages. The jury awarded plaintiffs nothing on the overcharge claim but found against both defendants, Mr. and Mrs. Johnson, on the eviction claim and assessed damages in favor of plaintiffs in the sum of $400. The verdict was rendered in general terms and did not specify whether any part of it was for punitive damages.

Defendants have brought this case here for review on the single contention that Nicholas Johnson was not liable for punitive damages, because the eviction if any was by his wife and the evidence did not establish any agency between them or any knowledge of, consent to, or acquiescence in the actions of his wife by Mr. Johnson.[1]

Appellees, plaintiffs below, point out with considerable reasonableness and with support in the record that because Mr. Johnson was the owner of the property and that because he and his wife rented the property to the plaintiffs, both Johnson and his

---

1. Although this appeal was taken in the names of both defendants, the only question involved relates to the separate liability of Nicholas Johnson.

wife were landlords and hence Johnson is to be regarded as a principal and actor in his relations with the tenants. However we need not and do not rest our decision on that proposition. Nor is there any need, in view of what we are about to say, to recite other features of the testimony.

We think we must order an affirmance because the contentions now made by appellant were at no time raised at the trial. The complaint asked for punitive damages against both defendants. They filed a joint answer which raised no question as to the non-liability of Nicholas Johnson for punitive damages as distinguished from the separate liability of his wife. Nor at any time during the trial was any question raised that Nicholas Johnson was exempt from liability for punitive damages. It does not appear that any separate instruction on the question was requested in his behalf. The jury was instructed on the issue of punitive damages as it related to both defendants and no distinction was drawn between them. Counsel for both sides announced that they were satisfied with the charge as given. Thus the theory throughout the trial seems to have been that both defendants either were or were not liable for punitive damages.

Under these circumstances we must apply the oft-repeated and entirely reasonable rule that a theory not advanced in the trial court and not passed on by that court may not furnish the basis for reversal on appeal. Johnston v. Reily, 82 U.S.App.D.C. 6, 160 F.2d 249; Morski v. Murphy, D.C.Mun.App., 85 A.2d 806. This rule applies in all save exceptional cases and appellant has made no suggestion that there was anything exceptional about the circumstances surrounding the trial of this case, or that anything prevented him from making the point below which he now makes here.

We think it should also be noted, as we have said, that the award was a general one, that the jury did not specify what if any part of the verdict was for punitive damages and that defense counsel did not seek any clarification on that point. Therefore since there was no question as to the liability of Nicholas Johnson for compensatory damages and since there is nothing to show that anything more than compensatory damages were awarded against him there seems to be no basis at all for his claim of error.

Affirmed.