**Addie G. KNIGHT, Appellant,**

v.

**LOVEMAN, JOSEPH & LOEB,**
Inc., Appellee.

No. 14852.

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1954.

Victor H. Smith, Birmingham, Ala., Pritchard, McCall & Jones, Birmingham, Ala., of counsel, for appellant.

Evans Dunn, Birmingham, Ala., Bowers, Dixon, Dunn & McDowell, Birmingham, Ala., for appellee.

Before BORAH, RIVES, and TUTTLE, Circuit Judges.

BORAH, Circuit Judge.

The appellant Addie G. Knight, the plaintiff below, brought this action against Loveman, Joseph & Loeb, Inc., the owner of a department store, to recover damages for personal injuries allegedly sustained in November, 1951, as a proximate result of the negligence of defendant's servants in causing or allowing a garment rack to fall over on plaintiff. There was a trial and a jury verdict in favor of plaintiff in the sum of $412.50. Judgment was entered upon the jury verdict and this appeal followed.

Plaintiff relies upon two claimed errors: (1) that the damages assessed by the jury were so inadequate as to require a setting aside of the verdict; and (2) that the trial court erred in admitting in evidence, a portion of a letter written by plaintiff's attorneys referring to other injuries received by plaintiff and for which she had made a claim against another store.

■■ As to the first specification of error, suffice it to say that this court will not relieve against excessiveness or inadequacy in verdicts unless the verdict is excessive or inadequate as matter of law. We cannot on this record say that the verdict was so insubstantial and inadequate as to be contrary to right reason and if it is inadequate it is not so as matter of law but only as matter of fact. Consequently we do not reach the question of abuse of discretion on the part of the trial judge and our inquiry is at an end. Cf. Sunray Oil Corp. v. Allbritton, 5 Cir., 188 F.2d 751; Moore's Federal Practice 59.08(6).

We come now to plaintiff's second specification of error and to a consideration of the evidence which bears on this issue. At the trial a witness for the de-

fendant, an insurance adjuster, identified a letter he had received from plaintiff's attorneys relative to a claim that plaintiff was pressing against the A. & P. Company. This letter, a portion of which was received in evidence, over the objections of counsel, stated that the doctor whom plaintiff had consulted was of the opinion that the injury which she sustained to her knee and leg would be permanent and that plaintiff would be unable to use her leg to the extent that she did before the injury in the A. & P. store. Plaintiff objected to the admissibility of this letter in evidence on the following grounds: "I want to object to it, and I want my objection in the record, as being incompetent, irrelevant, immaterial, and illegal, has no bearing on this case at all, involves matters and things not before this Court, involves matters and things not to be considered by this jury."

Plaintiff's claim for damages in the instant case was based largely on the ground that the accident in defendant's store in November, 1951, aggravated her diabetic condition. It also appears that plaintiff was injured in a fall in the A. & P. store at Clanton, Alabama, on January 21, 1953. She was examined by Dr. Smelo, a specialist in diabetes, on February 26, 1953, who testified that "any type of injury or nervous strain or tension can intensify diabetes so that we would have to say that the injury to her knee could have the same effect as the injury to her arm." Plaintiff did not tell the doctor about her injury in the previous month and in consequence the doctor's findings were based solely on her history of the accident in suit. At the trial plaintiff testified that her knee was well and no longer gave her trouble. The letter to which objection was made states that the disability to the knee will be permanent. We think it plain that the facts as set forth in the letter [1] were highly relevant and material and that plaintiff's objection on the grounds specified was not well taken.

Now, and for the first time on this appeal, appellant seeks to raise the objection that the letter was inadmissible as hearsay. We agree that this is so but this court only reviews errors, if any, that are committed by the trial court and the infirmity of plaintiff's position lies in the fact that she did not provoke a ruling below on this ground of objection. It is fundamental that where an objection is specific it is deemed to be limited to the ground or grounds specified and it does not cover others not specified. Johnston v. Reily, 82 U.S.App.D.C. 6, 160 F.2d 249; 2 Barron and Holtzoff, Federal Practice and Procedure 728. This has long been the practice in federal courts [2] and this practice is now codified in Rule 46 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Johnston v. Reily, supra.

No error of law appearing, the judgment appealed from is affirmed.

1. The portion of the letter received in evidence reads as follows:

"I received your letter of July 28 and discussed the contents with Mrs. Knight. She has spent two days in Birmingham under the care of Dr. Sherrill as she informs us, and he has advised her that in the operation that some of the blood vessels were necessarily cut, and from this she has developed varicose veins, and that the only possible recovery would be another operation. He further states that the injury to her knee and leg will be permanent, and that she will be unable to use her leg to the extent that she did before the injury."

2. Noonan v. Caledonia Gold Mining Co., 121 U.S. 393, 7 S.Ct. 911, 30 L.Ed. 1061.