FORT WORTH AND DENVER RAIL-
WAY COMPANY, Appellant,

v.

Wayne HARRIS, Appellee.

No. 15640.

United States Court of Appeals
Fifth Circuit.

March 14, 1956.

H. M. Muse, Harold Jones, Wichita Falls, Tex., Seth Barwise, Fort Worth, Tex., Jones, Parish & Fillmore, Wichita Falls, Tex., for appellant, Fort Worth & Denver Ry. Co.

Jack G. Banner, Philip S. Kouri, Henry J. Anderson, Jr., Anderson & Latham, Kouri & Banner, Wichita Falls, Tex., for appellee.

Before BORAH, TUTTLE and JONES, Circuit Judges.

BORAH, Circuit Judge.

Brought under the Federal Employers' Liability Act, § 1, 45 U.S.C.A. § 51 and upon the ground that the defendant had negligently failed to furnish him with a safe place in which to work, the suit was for damages which plaintiff sustained when he slipped and fell on some large pieces of ballast alongside the train track where during a switching operation he was obliged to walk and was walking while relaying signals to the engineman in the course of his employment as a train conductor.

The case was tried to a jury which returned a verdict in favor of plaintiff for $30,000. Judgment was entered upon the jury verdict and the defendant has appealed assigning six points of error

Points 1 and 2 are that the court erred in entering judgment for the plaintiff on the verdict of the jury for the reason that there was no evidence or insufficient evidence of probative force to show that the defendant was guilty of any negligence which was a proximate cause of plaintiff's injuries. But no motion was made for a directed verdict and these assignments do not present matters reviewable here, raising only such questions as are cognizable in the District Court on motion for a new trial. Luke v. United States, 5 Cir., 84 F.2d 823; Western Produce Co. v. Folliard, 5 Cir., 93 F.2d 588, 589; Mutual Benefit Health & Acc. Ass'n v. Thomas, 8 Cir., 123 F.2d 353, 355; Edwards v. Craig, 7 Cir., 138 F.2d 608. Moreover, it appears that there was evidence to sus-

tain the verdict, and therefore, the court committed no error in entering the judgment.

■■ Appellant's third point is that the court erred in failing to give the defendant sufficient time in the trial of the cause to properly present its defense and testimony and in making comments and remarks which prejudiced appellant's case in the eyes of the jury. We cannot say that the court committed error, and this record strongly indicates that it did not. The court afforded the parties equal time in which to present their evidence to the jury and appellant has made no showing that harm or prejudice resulted from any of the remarks made by the trial judge.

■ Appellant's fourth point is that the court erred in entering judgment for the plaintiff on the jury verdict in the sum of $30,000 for the reason that such verdict and judgment were excessive. This assignment is clearly without merit and cannot be considered. "The question whether the verdict is excessive or not is one exclusively for the trial court to determine, and is not subject to be re-examined in a federal appellate court." See Swift & Co. v. Ellinor, 5 Cir., 101 F. 2d 131, 132; Home Insurance Co. of New York v. Tydal Co., 5 Cir., 152 F.2d 309.

■ Points 5 and 6 are that the court erred in admitting evidence.[1] Point 5 recites that the court erred in overruling and in not sustaining the objections of the defendant timely made to the testimony of plaintiff's witnesses, Coffman and Jackson. Point 6 sets forth that the court erred in permitting these witnesses to testify over the objection of the defendants as reflected by the record. In its brief appellant says: "The defendant timely objected to such evidence for the reason that it was immaterial, not restricted to the areas in question, and was hearsay." This is a clear misstatement of the record, for no such objection to this testimony was ever made. Rule 46 of the Federal Rules of Civil Procedure, 28 U.S.C.A. requiring a party to make known his objections and grounds therefor is not a mere technicality, but is of substance in the administration of business of the courts. Johnston v. Reily, 82 U.S.App.D.C. 6, 160 F.2d 249. The purpose of this rule is to inform the trial judge of possible errors so that he may have an opportunity to reconsider his ruling and make any changes deemed advisable. It is therefore the general rule that points not raised and preserved below will not be considered on appeal. Tucker v. Loew's Theatre & Realty Corp., 2 Cir., 149 F.2d 677; Louisiana & Ark. Ry. Co. v. Johnson, 5 Cir., 214 F.2d 290, certiorari denied, 348 U.S. 875, 75 S.Ct. 111, 99 L.Ed. 688; Knight v. Loveman, Joseph & Loeb, Inc., 5 Cir., 217 F.2d 717. Though an appellate court, in a proper case, has power, on its own motion, to consider errors to which no objections were made, such power should be exer-

---

1. Point 5 is as follows: "The Honorable Court erred in overruling and in not sustaining the objections of the defendant timely made to the testimony of the witness of the plaintiff, to-wit: H. W. Coffman and Lillard Jackson to certain proceedings, actions, and minutes of the Railway Trainmen's Union at Wichita Falls, Texas, concerning the action of such Union and the discussion of its members in meetings in 1948 and 1950 with reference to the defendant using ballast on its railway bed at Quanah, Texas, and other places on said line and in permitting said witnesses to testify as to such matters over the objections of the defendant on the grounds that such testimony was hearsay, prejudicial and proper notice of the same not being given to the defendant prior to the time of the injuries, if any, sustained by the plaintiff." And Point 6 reads as follows: "This Honorable District Court erred in permitting the witness H. W. Coffman and Lillard Jackson to testify as to conversations, discussions, proceedings and actions taking place at the meeting of Railway Trainmen's Union in 1948 and 1950 relative to the condition of the road bed and walkway in the town of Quanah, Texas, and particularly in the immediate area where the plaintiff claims to have been injured, over the objection of the defendant as reflected by the record."

cised only in exceptional cases and in the interest of justice. Curd v. Todd-Johnson Dry Docks, 5 Cir., 213 F.2d 864. This is not such an exceptional case.

The judgment of the District Court is affirmed.

Affirmed.