Prue BAXTER and Nellie Farrell,
Appellants,

v.

Oscar B. HUNTER, Jr., Arthur A. Morris,
Karl C. Corley, Sidney P. Hunter, and 824
New Hampshire Ave., Inc., a District of
Columbia corporation, Appellees.

No. 2926.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 19, 1962.

Decided March 28, 1962.

Rehearing Denied April 9, 1962.

Mark P. Friedlander, Jr., Washington,. D. C., with whom Mark P. Friedlander and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellants.

Austin F. Canfield, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellees.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

This is an appeal by two property owners: from a decision in the trial court adverse to their claims that a certain private pipe line supplying water to their houses had been damaged by appellees' negligence.

Water to the homes of appellants and five other property owners was supplied through a private water line located, for an indeterminate number of years, in a public alley to the rear of their houses. Just below the water pipe was a private sewer pipe servicing the same properties. Appellees. were building an apartment house in this. same area. They secured a permit from. the District of Columbia to excavate in the alley and in the course of their work uncovered these two sets of old pipes. After several months' exposure, the private water pipe developed leaks. Appellees made temporary repairs thereto, but District regulations prohibited permanent repair and required owners to abandon the private water-

line and to connect their houses with the public water main in the front street. This appellants did at a cost of $797.93 to appellant Farrell and $562.00 to appellant Baxter. These sums they seek to recover as damages from appellees.

■ There was conflicting testimony as to the cause of the leakage. Appellants offered evidence that the leaks were due to the negligence of appellees in failing to provide proper support to the old water pipe after it had been uncovered. Appellees introduced testimony to prove that the leakage was due to rust and oxidation of the old pipe line after exposure. The trial judge resolved the issue in favor of appellees. We think there was ample evidence to support his findings.

■ Here appellants do not rely, as they did in the trial court, on the negligence of appellees as a basis for recovery but present a new theory, contending they are third-party beneficiaries [1] to a certain agreement [2] between the District and appellees which contemplated that appellees were obligated to restore private water lines to as good a condition as they were immediately prior to the excavation.

We have often said that points and theories not advanced and passed upon during the trial cannot be presented on appeal.[3] Having tried their claims upon the theory of negligence and lost, appellants are not in position to present a new theory here. The judgment of the trial court is therefore

Affirmed.

1. Although the record is silent that appellants ever sought to present this theory to the trial judge, they aver in their briefs and on oral argument that this basis for relief was argued to the trial judge at the time of their motion for a new trial. Appellees deny that this theory was ever presented or argued to the trial judge.

2. Appellees, in order to obtain their permit to dig up the public alley, had to agree to restore any underground structures damaged in the course of their excavations. District records showed only

a private sewer line under the alley and appellees were therefore required to post only an amount which would be sufficient to cover repairs for any damages which might occur to it. The District used this deposit to replace the private sewer line damaged by appellees. As there was no record of a private water line in that location, no deposit was made to cover possible damages to the water line.

3. LeJohn Mfg. Co. v. Webb, D.C.Mun.App., 91 A.2d 332, 334; Johnson v. Ginnis, D.C. Mun.App., 88 A.2d 847, 848; Brooks v. Jensen, D.C.Mun.App., 73 A.2d 32, 33.