Hansford P. MILLER, Appellant,

v.

Jackson AVIROM, Appellee.

No. 20639.

United States Court of Appeals
District of Columbia Circuit.

Argued April 13, 1967.

Decided June 28, 1967.

Mr. Herman Miller, Washington, D. C., for appellant.

Mr. Mark P. Friedlander, Washington, D.C., with whom Messrs. Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D.C., were on the brief, for appellee. Messrs. Harry P. Friedlander and Marshall H. Brooks, Arlington, Va., also entered appearances for appellee.

Before BASTIAN, Senior Circuit Judge, and TAMM and ROBINSON, Circuit Judges.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

Appellee, a licensed real estate broker, sued appellant in the District Court for a commission allegedly earned by appellee's negotiation of an offer, which appellant refused to accept, for the purchase of an apartment building. The District Judge, sitting without a jury, entered a judgment in appellee's favor on findings that appellant had orally listeɑ the property with appellee for sale on specified terms and for an agreed commission, and that appellee had produced a purchaser ready, able and willing to buy on the conditions so established.

Appellant resisted the action in the District Court principally on the ground that he never authorized appellee's activities, but also asserted the stat-

ute of frauds defensively. The case as submitted to us tenders two claims of error,[1] one contesting the sufficiency of the proof to support the finding that the prospective purchaser was financially able to consummate his offer.[2] We have scrutinized the evidence and, the standard for our review considered,[3] are satisfied that the finding should not be disturbed.

Appellant's second and main argument on appeal is that the arrangements for the sale and payment of a commission were void because they were made orally. He directs our attention in this connection to provisions in the statute regulating the licensing of real estate brokers and salesmen.[4] As appellant reads them, the offering of realty for sale without the written consent of the owner or his authorized agent is both a ground for suspension or revocation of a license[5] and an occasion for initiation of a criminal prosecution.[6] On this analysis appellant insists that an oral sale listing is illegal, and cannot provide the basis for recovery of a commission.

■■ Other courts in this jurisdiction have considered the legislation to which appellant adverts too restricted in its reach to achieve this result,[7] but we have not ourselves previously had occasion to measure the statute's impact upon the problem. By our current appraisal, the question appellant poses is sufficiently substantial to command serious attention if properly presented for our decision. But because the issue was neither raised nor decided in the District Court, we do not address it on this appeal or intimate any view as to how it should be resolved.

■■ In our jurisprudential system, trial and appellate processes are synchronized in contemplation that review will normally be confined to matters appropriately submitted for determination in the court of first resort.[8] Questions not properly raised and preserved during the proceedings under examination,[9] and

---

1. A third point, that appellant's wife had not sanctioned a sale, was abandoned at the argument.

2. See Park Road Housing Co. v. Adas Israel Hebrew Congregation, 96 U.S.App.D.C. 189, 190, 225 F.2d 28, 29 (1955); Buckner v. Tweed, 81 U.S.App.D.C. 256, 157 F.2d 211 (1946), cert. denied 330 U.S. 825, 67 S.Ct. 866, 91 L.Ed. 1275 (1947).

3. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." F.R.Civ.P. 52(a).

4. D.C.Code §§ 45–1401 to 45–1418 (1961 ed.).

5. The Real Estate Commission of the District of Columbia is authorized "to suspend or to revoke any license issued under the provisions of this chapter, * * * where the licensee, in performing or attempting to perform any of the acts mentioned herein, has—* * * (n) Placed a sign on any property offering it for sale or for rent or offering it for sale or rent without the written consent of the owner or his authorized agent." D.C. Code § 45–1408 (1961 ed.).

6. "Any person or corporation violating any provision of this chapter shall upon conviction thereof, if a person, be punished by a fine of not more than $500, or by imprisonment for a term of not to exceed six months, or by both such fine and imprisonment, in the discretion of the court; and, if a corporation, be punished by a fine of not more than $1,000." D.C.Code § 45–1416 (1961 ed.).

7. See Riskin v. Baltimore & O. R. Co., 234 F.Supp. 979, 982 (D.D.C.1964); Murphy v. Mallos, 59 A.2d 514, 516 (D.C.Mun. App.1948); Shaffer v. Berger, 81 A.2d 469, 471 (D.C.Mun.App.1951). See also Kyle v. Wiley, 78 A.2d 769, 772 (D.C. Mun.App.1951).

8. We lack original jurisdiction and are not equipped to handle trial functions. Thus our review is necessarily conducted on the record made in the trial court, with the benefit of its consideration of the problems.

9. Madison v. Phillips, 103 U.S.App.D.C. 11, 254 F.2d 348 (1958); Johnston v. Reily, 82 U.S.App.D.C. 6, 160 F.2d 249 (1947); Willis v. United States, 69 App. D.C. 129, 131, 99 F.2d 362, 364 (1938); Ring v. Authors' League of America, 186 F.2d 637, 641 (2d Cir.), cert. denied 341 U.S. 935, 71 S.Ct. 854, 95 L.Ed. 1363 (1951); Thomson v. Boles, 123 F.2d 487 (8th Cir. 1941), cert. denied 315 U.S. 804, 62 S.Ct. 632, 86 L.Ed. 1204 (1942). See

points not asserted with sufficient precision to indicate distinctly the party's thesis,[10] will normally be spurned on appeal. Canons of this tenor reflect, not obeisance to ritual, but "considerations of fairness to the court and the parties and of the public interest in bringing litigation to an end after fair opportunity has been afforded to present all issues of law and fact."[11] The injunction that trial ventilation precede appellate exploration best subserves that policy without appreciable imposition upon the litigants. "It requires them to deal fairly and frankly with each other and with the trial tribunal with respect to their controversies. It prevents the trial of cases piecemeal or in installments. It tends to put an end to litigation."[12] We think that sound judicial administration embraces importantly the elimination of expenditures of time and energy—by parties as well as courts—incidental to potentially unnecessary appeals.

Appellant nowhere claimed that the licensing statute was involved until the litigation reached this court. Previously represented by different counsel, he did not advance that proposition in his pleadings[13] or when the case was heard on the merits, nor are such singular omissions explained. Certainly appellant's secondary reliance upon the statute of frauds did not define for the District Court's decision the far-reaching contention his present approach incorporates.[14] And it is settled that judicial action sought on one ground at trial does not suffice to enable a party to invoke another on appeal.[15]

Sometimes even the salutary principle under discussion must give way in peculiar circumstances, but this is a course to be pursued sparingly and only in exceptional situations.[16] Appellant has brought to our attention nothing to distinguish this case from a host of others in which that principle was conventionally applied.[17] The dispensation

also Friedman v. Decatur Corp., 77 U.S. App.D.C. 326, 327, 135 F.2d 812, 813 (1943).

10. Noonan v. Caledonia Gold Mining Co., 121 U.S. 393, 400, 7 S.Ct. 911, 30 L.Ed. 1061 (1887); May v. United States, 84 U.S.App.D.C. 233, 238, 175 F.2d 994, 999, cert. denied 338 U.S. 830, 70 S.Ct. 58, 94 L.Ed. 505 (1949); Johnston v. Reily, *supra* note 9, 82 U.S.App.D.C. at 8, 160 F.2d at 251; Koshorek v. Pennsylvania R. Co., 318 F.2d 364, 371 (3d Cir. 1963); Stewart v. United States, 131 F.2d 624 (5th Cir. 1942), cert. denied 318 U.S. 779, 63 S.Ct. 854, 87 L.Ed. 1147 (1943).

11. United States v. Atkinson, 297 U.S. 157, 159, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936). As we have pointed out, "[t]his is not a mere technicality but is of substance in the administration of the business of the courts. Enormous confusion and interminable delay would result if counsel were permitted to appeal upon points not presented to the court below. Almost every case would in effect be tried twice under any such practice. While the rule may work hardship in individual cases, it is necessary that its integrity be preserved." Johnston v. Reily, *supra* note 9, 82 U.S.App.D.C. at 7, 160 F.2d at 250.

12. Helvering v. Rubinstein, 124 F.2d 969, 972 (8th Cir. 1942).

13. See F.R.Civ.P. 8(c).

14. See the cases cited *infra* note 15.

15. Johnston v. Reily, *supra* note 9, 82 U.S.App.D.C. at 8, 160 F.2d at 251; Knight v. Loveman, Joseph & Loeb, Inc., 217 F.2d 717, 719 (5th Cir. 1954); Sucher Packing Co. v. Manufacturers Casualty Insurance Co., 245 F.2d 513, 518–519 (6th Cir. 1957), cert. denied 355 U.S. 956, 78 S.Ct. 541, 2 L.Ed.2d 531 (1958); Williams v. Union Pacific R. Co., 286 F.2d 50, 55 (9th Cir. 1960).

16. Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); United States v. Atkinson, *supra* note 11, 297 U.S. at 160, 56 S.Ct. 391, 80 L.Ed. 555; Morgan v. Garris, 113 U.S.App. D.C. 222, 223, 307 F.2d 179, 180 (*en banc* 1962); Mulligan v. Andrews, 93 U.S.App. D.C. 375, 376, 211 F.2d 28, 29 (1954); Ward v. Anderson, 93 U.S.App.D.C. 156, 158, 208 F.2d 48, 50 (1953). See also F.R.Crim.P. 52(b).

17. Calhoun v. Freeman, 114 U.S.App.D.C. 385, 387, 316 F.2d 386, 388 (1963); Stouper v. Jones, 109 U.S.App.D.C. 106, 109, 284 F.2d 240, 243 (1960); Osin v. Johnson, 100 U.S.App.D.C. 230, 235, 243 F.2d 653, 658 (1957); American Air Ex-

appellant would have us grant "is a right to prevent a clear miscarriage of justice apparent from the record, and not a right to afford a defeated litigant another day in court because he thinks that if he were given the opportunity to try his case again upon a different theory he might prevail."[18]

Affirmed.

port & Import Co. v. O'Neill, 95 U.S.App. D.C. 274, 276, 221 F.2d 829, 831 (1954) ; In re Adoption of a Minor, 94 U.S.App.D. C. 131, 133, 214 F.2d 844, 846 (1954); Keyes v. Madsen, 86 U.S.App.D.C. 24, 26, 179 F.2d 40, 42 (1949), cert. denied 339 U.S. 928, 70 S.Ct. 628, 94 L.Ed. 1349 (1950); Brown v. Rudberg, 84 U.S.App. D.C. 221, 171 F.2d 831 (1948); Rone v. Rone, 78 U.S.App.D.C. 369, 141 F.2d 23 (1944).

18. Helvering v. Rubinstein, *supra* note 12, 124 F.2d at 972.