**Monroe L. COLEMAN, Appellant**

v.

**UNITED STATES, Appellee.**

No. 90–CO–1588.

District of Columbia Court of Appeals.

Argued Dec. 21, 1992.

Decided July 22, 1993.

Shirlimarie McAroy–Gray, Public Defender Service, with whom James Klein and Jo–Ann Wallace, Public Defender Service, Washington, DC, were on the brief, for appellant.

Eric L. Yaffe, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John R. Fisher, Thomas C. Black, and Gregory E. Jackson, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before TERRY, STEADMAN, and KING, Associate Judges.

TERRY, Associate Judge:

In November 1985 appellant and two co-defendants, James Dixon and William Montgomery, were found guilty of possession of heroin with intent to distribute it (PWID).[1] Several months before trial the government had filed with the court and served on appellant a document entitled "Information as to Two or More Prior Felony Convictions." This document served to notify the court and appellant of the government's intention to seek, in the event of a conviction, a sentence greater than what would otherwise be the statutory maximum.[2] In February 1986 the trial court imposed on appellant an enhanced sentence of twelve to thirty-six years' imprisonment.

In April 1988 appellant filed a *pro se* motion to vacate his sentence pursuant to D.C.Code § 23–110 (1989), asserting *inter alia* that his sentence had been illegally enhanced. After an evidentiary hearing, the trial court denied the motion and let the original sentence stand. Appellant con-

---

1. D.C.Code § 33–541(a)(1) (1988).

2. Under D.C.Code § 33–541(a)(2) (1988), the maximum prison sentence for PWID, when a narcotic such as heroin is the drug involved, is fifteen years. When a person with two prior felony convictions is convicted of a third felony, however, D.C.Code § 22–104a (1989) authorizes the court to impose a sentence of any number of years, up to life imprisonment, for that third offense.

tends here, as he did below, that he lacked notice of the prior convictions on which the government intended to rely in seeking the enhanced sentence. The government disagrees and argues that, in any event, appellant is barred from challenging his sentence now because this issue should have been raised on direct appeal.[3] Although we agree that it would have been the better practice to raise this issue on direct appeal, we decline to decide the case on that ground because the government did not assert it in the trial court in opposing the § 23–110 motion. On the merits of appellant's claim, we hold that appellant had the notice required by D.C.Code § 23–111(a)(1) (1989),[4] and that the trial court acted according to law in imposing the enhanced sentence. Accordingly, we affirm the denial of the § 23–110 motion.

## I

A. *Appellant's conviction and sentence*

In February 1985, nine months before trial, the government filed with the court and served on appellant an "Information as to Two or More Prior Felony Convictions" in accordance with section 23–111(a)(1).[5] The information stated that appellant was

the same person who on Nov. 11, 1977, was previously convicted of Armed Robbery in the Superior Court of the District

of Columbia; and on June 17, 1980 was convicted of Armed robbery in the Superior Court of the District of Columbia and on June 17, 1980, was convicted of carrying a pistol without a license in the Superior Court of the District of Columbia. Therefore, upon conviction of a felony in the case herein, the defendant becomes subject to the increased punishment provided by 22 D.C.Code § 104(a) [*sic*[6]]. Punishment under this section allows any sentence up to life imprisonment.

The evidence at trial showed that appellant and his two co-defendants were involved in distributing heroin in the District of Columbia on September 28, 1983. The jury found all three defendants guilty as charged. At appellant's sentencing hearing, defense counsel said that his client was "challenging" the prior convictions. The prosecutor, upon learning this, told the court that he did not have in his possession the documents necessary to prove the convictions, explaining that he "had been given no indication that this would be an issue at this juncture." The trial court continued the sentencing for a week.

At the next hearing a week later, the 1977 armed robbery conviction was quickly verified by court documents. As to the 1980 conviction for "armed robbery," de-

---

**3.** Appellant noted an appeal from his conviction, arguing that his conviction should be reversed because of certain allegedly improper remarks which the prosecutor made in closing argument. His appeal was consolidated with those of his co-defendants, Dixon and Montgomery. After briefing and oral argument, we affirmed all three convictions in an unpublished memorandum opinion and judgment. *Coleman v. United States*, No. 86–391 (D.C. September 25, 1987).

**4.** D.C.Code § 23–111(a)(1) provides in pertinent part:

No person who stands convicted of an offense under the laws of the District of Columbia shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to trial or before entry of a plea of guilty, the United States attorney or the Corporation Counsel, as the case may be, files an information with the clerk of the court, and serves a copy of such information on the person or counsel for the person, stat-

ing in writing the previous convictions to be relied upon.... Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

**5.** The information includes a certificate of service stating that it was personally served on appellant's attorney. In *Smith v. United States*, 356 A.2d 650, 652 (D.C.1976), we held that the statutory requirement of notice is satisfied by service of the information on defense counsel. *See* D.C.Code § 23–111(a)(1), which provides that the information may be served on either "the person [to be sentenced] or counsel for the person."

**6.** This is apparently a reference to D.C.Code § 22–104a. See note 2, *supra*. Section 22–104(a) is a related but different statute authorizing an enhanced penalty for a second offense (not a third offense, as in section 22–104a). Section 22–104(a), in its original version, was enacted in 1901; section 22–104a was enacted in 1970.

fense counsel said that his client "wants me to take exception to the District Court conviction as being a frivolous basis for life papers in that it was not armed—he didn't plead to the armed offense." [7] The court replied that it did not matter whether the robbery was armed or not [8] because even unarmed robbery is a felony, and any felony is enough to support an enhanced sentence under D.C.Code § 22–104a. The court then sentenced appellant to twelve to thirty-six years, to be served consecutively to any other sentence.

### B. *Post-appeal proceedings*

Several months after this court affirmed appellant's conviction on direct appeal, see note 3, *supra*, appellant filed a *pro se* motion under section 23–110 presenting several arguments, one of which was a challenge to the validity of his enhanced sentence. [9] Through appointed counsel, appellant argued that his sentence was improperly enhanced because the trial court did not give him an opportunity to challenge the convictions prior to sentencing [10] and because the government included erroneous material in the information filed with the court and served on him. The government conceded that errors existed in the information but asserted that they were merely clerical in nature, were harmless, and in no way prejudiced appellant.

The court held a hearing on the § 23–110 motion which revealed nothing that it had not already known at the time of appellant's sentencing in February 1986. Appellant introduced the transcript of the 1980 proceeding in which he had pleaded guilty to robbery and noted that the robbery conviction was in the United States District Court, not in the Superior Court as the government had stated in its information. At the end of the hearing, the court denied the motion, ruling that the errors in the information were merely clerical and that appellant had received the requisite notice, prior to trial, of the convictions on which the government intended to rely in seeking an enhanced sentence. [11]

---

**7.** There was an additional error in the information. The reference to a 1980 armed robbery conviction in the Superior Court was incorrect; appellant was actually convicted of that offense in the United States District Court for the District of Columbia. This error was not raised before sentencing, however, and thus it cannot be asserted as a basis for any future challenge. *See Norman v. United States,* 623 A.2d 1165, 1168 (D.C.1993) (citing *Logan v. United States,* 591 A.2d 850, 852 (D.C.1991)). In any event, it is apparent from defense counsel's reference to "the District Court conviction" that appellant and his counsel were aware of the mistake, and we conclude that appellant was not misled or prejudiced by it.

**8.** Appellant had originally been charged with armed robbery but pleaded guilty to the lesser charge of robbery. Because of a clerical error in the United States District Court, however, that court's records stated that he had been convicted of armed robbery.

**9.** The other claims made in the § 23–110 motion have not been renewed on this appeal.

**10.** Before imposing sentence, the trial judge asked appellant if he had anything to say. Appellant replied that he had not received the "enhancement papers" but had read the statute and thought it was mandatory that he be given an opportunity to submit a written response. That is not what the statute provides. Rather, under section 23–111(c)(1), *if* a defendant "de-

nies any allegation of the information of previous conviction or claims that any conviction alleged is invalid," he or she must file a written response. The statute clearly places the burden of filing a response on the defendant. Since the information was served on defense counsel in open court—in appellant's presence—in February 1985, nine months before trial, we are satisfied that appellant had ample opportunity to file one if he chose to do so. Moreover, we see no prejudice to appellant resulting from the lack of a written response, since both the court and the government were aware of appellant's challenge to the prior convictions, and the government had to prove them at the sentencing hearing (as it did) before the court could impose an enhanced sentence (as it did).

**11.** Appellant states in his brief that "[a]t the conclusion of the evidence [at the § 23–110 hearing], the court vacated the original sentence and treated the hearing as a *de novo* sentencing hearing." We do not so read the record. What the court actually said was "I'm willing to sit right now *as if* I were sentencing this defendant, and you may consider that any defense that [trial counsel] had to those papers is renewed" (emphasis added). There is no order in the record indicating that the original sentence was vacated, nor is there a new judgment of conviction as required by Super.Ct.Crim.R. 32(d). In any event, for the purposes of this appeal it does not matter whether the original sentence was vacated or not.

## II

### A. *Appellant's failure to challenge his sentence on direct appeal*

██ The government asserts that appellant's present challenges to the sentence enhancement proceedings should have been raised on direct appeal and that his failure to do so requires us, without more, to reject his claims. The government relies on *Head v. United States*, 489 A.2d 450 (D.C. 1985), which states, as do a number of other cases, that

> [r]elief under § 23–110 is appropriate only for serious defects in the trial which were not correctible on direct appeal or which appellant was prevented by exceptional circumstances from raising on direct appeal.... Where a defendant has failed to raise an available challenge to his conviction on direct appeal, he may not raise that issue on collateral attack unless he shows both cause for his failure to do so and prejudice as a result of his failure.

*Id.* at 451 (citations omitted); *see United States v. Frady*, 456 U.S. 152, 167–168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). In order to promote finality, the government says, this court must not allow appellant to attack a judgment perfected by appeal and to raise issues now that should have been raised in the direct appeal. *See Head, supra*, 489 A.2d at 451. Since appellant has not shown good cause for his failure to raise the issue earlier, the government maintains, we should not even consider his arguments on the merits.

We readily acknowledge the importance of finality in a judgment, perfected by appeal and not subject to collateral attack except on a showing of cause and prejudice. Indeed, we have said that a procedural rule prohibiting collateral attacks based on issues that could have been raised on direct appeal, but were not, "does not appear to violate due process even where constitutional issues are at stake." *Doepel v. United States*, 510 A.2d 1044, 1046 n. 4 (D.C.1986) (citations omitted). In this case, however, the government did not make its finality argument in the trial court, as it has conceded both in its brief and at oral argument, but offers it for the first time on this appeal. Because it was not raised below, we decline to consider the government's *Head* argument now. *See, e.g., Williams v. United States*, 576 A.2d 700, 701 n. 1 (D.C.1990); *Miller v. Avirom*, 127 U.S.App.D.C. 367, 369–370, 384 F.2d 319, 321–322 (1967). We turn accordingly to the merits.

### B. *The propriety of the enhanced sentence*

██ Appellant argues that the government failed to provide him with notification of the "specific basis" for his sentence enhancement and therefore deprived him of his "constitutional and statutory rights to notice of the punishment he faced," a deprivation which in turn "destroyed his ability to make an intelligent decision as to whether or not to go to trial and subject himself to enhanced penalties upon conviction." The crux of appellant's argument is that the case law requires that a defendant be given "actual notice" of the convictions that form the basis for a sentence enhancement, and that because he did not receive totally accurate notice of the 1980 robbery conviction, it was improper for the court to rely on it in imposing sentence. This argument misconstrues the relevant cases.

It is well settled that before a sentence may be enhanced under D.C.Code § 22–104a, the procedures set forth in D.C.Code § 23–111 must be strictly followed. *Norman v. United States, supra* note 7, 623 A.2d at 1168; *Lucas v. United States*, 602 A.2d 1107, 1110 (D.C.1992) (citing cases); *Logan v. United States, supra* note 7, 591 A.2d at 852; *Shepard v. United States*, 538 A.2d 1115, 1119 (D.C.1988). Compliance with the statutory scheme first requires the government to file before trial an information alleging previous convictions. D.C.Code § 23–111(a)(1); *Boswell v. United States*, 511 A.2d 29, 31 (D.C.1986). Next, "the trial court shall, after conviction but before pronouncing sentence, inquire whether the convicted person affirms or denies the allegations in the information." *Id.* (citing D.C.Code § 23–111(b)). Appellant's contention here is that he did not, in

the first instance, have notice of the convictions on which the government intended to rely in seeking an enhanced sentence.

In *Arnold v. United States*, 443 A.2d 1318, 1323–1328 (D.C.1982), this court discussed the notice requirement in some detail. We said that the requirement was satisfied if the information filed by the government made the defendant "aware" that it was seeking an enhanced sentence and permitted him an "adequate opportunity to determine whether to plead guilty or proceed to trial." *Id.* at 1328. In *Logan v. United States, supra* note 7, we said that "where a defendant receives clear notice of a previous conviction, a misstatement as to a single piece of information, such as the date of a conviction or the county in which a conviction was imposed, is deemed harmless." 591 A.2d at 853 (footnote omitted). Appellant in his brief places emphasis on the court's use of the words "clear notice"; the *Logan* opinion, however, makes clear that the real significance of the notice requirement is that it allows the defendant to decide before trial whether to plead guilty or to go ahead and let the case be tried. *Id.* at 852. In determining whether the defendant had sufficient notice to make that decision, the *Logan* court followed several state courts and applied a harmless error test. *See id.* at 853 & n. 3 (citing state cases).

Application of the *Logan* test here compels the conclusion that appellant had adequate notice of the prior convictions and that the particular errors in the government's information of which he now complains were harmless. In this case as in *Logan*, "[t]he adequacy of the notice is clear from [appellant's] successful challenge" of the purported "armed robbery" conviction in 1980 set forth in the information. *Id.* at 853. Appellant stated at the sentencing hearing that the government had incorrectly listed the conviction as one for armed robbery, rather than robbery. The date of the conviction, however, was correct, and it was plain that appellant knew exactly what the conviction was for

and when it occurred, even though the court in which he had been convicted was incorrectly identified. The only conclusion to be drawn from this record is that appellant, several months before his trial began, was on notice of the actual convictions on which the government intended to rely in seeking an enhanced sentence. Since the "overriding statutory purpose"[12] was satisfied, we hold that the errors in the government's information were harmless. To rule otherwise would reward defendants who remain silent when they discover minor factual errors in an information of previous convictions filed by the government, saving the errors in their hip pocket to be revealed later if the trial does not go their way. This court will not countenance such tactics.

*Affirmed.*

---

12. "The overriding statutory purpose" of section 23–111 is to "provid[e] a defendant 'notice' of the possibility of enhanced punishment...." *Arnold, supra,* 443 A.2d at 1328.