**William Franklin CAVE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 12–CM–1311.**

District of Columbia Court of Appeals.

Submitted July 9, 2013.

Decided Aug. 22, 2013.

Bryan P. MacAvoy was on the brief for appellant.

Ronald C. Machen Jr., United States Attorney, and Elizabeth Trosman, Chrisellen R. Kolb, Lauren Bates, and James M. Perez, Assistant United States Attorneys, were on the brief for appellee.

Before WASHINGTON, Chief Judge, and NEBEKER and NEWMAN, Senior Judges.

NEBEKER, Senior Judge:

Appellant William Cave appeals his conviction, after a bench trial, for assault on a police officer under D.C.Code § 22–405(b) (2007 Supp.). The government concedes that the trial court erred when it convicted Cave without addressing the evidence in its entirety and requests a remand of the record in order for the trial court to make additional factual findings.[1] However, the trial court has already made the factual findings the government now requests, and, aside from the trial court's conceded error of law, those findings demonstrate that the government failed to prove its case beyond a reasonable doubt. Accordingly, we vacate Cave's conviction and remand for entry of judgment of acquittal.

■ Section 22–405(b) provides that anyone who "without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with a law enforcement officer . . . shall be guilty of a misdemeanor." We have explained that, in order for a person's "resistance" to an officer to be punished under this statute, that resistance must "cross the line into active confrontation, obstruction or other action directed against an officer's performance in the line of duty." *In re C.L.D.*, 739 A.2d 353, 357 (D.C.1999). "Mere passive resistance or avoidance," *id.*, or conduct that does not "actively or physically oppose or interfere with the officers," *Howard v. United States*, 966 A.2d 854, 857 (D.C.2009), cannot form a basis for a conviction under D.C.Code § 22–405(b).

In this case, Cave was seated in his parked car when he was approached by officers from D.C. Protective Services. The officers ordered Cave out of his car, and he refused to comply. The officers, Cave, and Cave's witnesses presented conflicting testimony about what happened next. The officers claimed that Cave began to struggle and strike them before fleeing into a nearby homeless shelter where he hid under his bunk until the officers apprehended him. Cave and his witnesses claimed that he only attempted to protect himself from blows of the officers' batons, did not strike the officers at all, and complied with the officers requests inside the homeless shelter.

The trial court, in its findings, stated:

The defendant's own testimony it seems to me goes a long way to convict him in this matter. He agrees he did not comply with the officer's command or direction to get out of the vehicle. He says he had a good reason and maybe it is a good reason. I don't dispute that but that does not create an exception to the statute that requires a civilian not [to] resist a police officer in the lawful performance of his duties. It is pretty clear here that Mr. Cave, he may not agree in his mind that he did it and it sounds like he got the worst end of the stick, no pun intended, in this matter but his testimony leads me to conclude that he did in fact resist the police officer.

How it happened afterwards, who struck whom, whether there was flailing

---

1. The authority for this court to remand an appeal is found in D.C.Code § 17–306 (2013 Repl.): "The District of Columbia Court of Appeals may affirm, modify, vacate, set aside or reverse any order or judgment of a court . . . and may remand the cause and direct the entry of such appropriate order, judgment, or decision, or require such further proceedings to be had, as is just in the circumstances." With jeopardy having attached and a verdict rendered, the "circumstances" here prevent the remand requested by the government.

of arms and legs and in what order is something I'll never know. It is also clear that the officers involved here did not handle this with the softest of touches and that this matter could have been perhaps handled differently and avoided, this unpleasantness, but from Mr. Cave's own testimony and the, from the testimony of the two officers who testified, I am required, a little bit reluctantly, but I am required to find him guilty of assault on a police officer and that is my finding.

The trial court explained that Cave's "own testimony" established that "he did not comply with the officer's command or direction to get out of the vehicle." On this basis, the trial court concluded that Cave "did in fact resist the police officer." As for the factual dispute about "[h]ow it happened afterwards, who struck whom, whether there was flailing of the arms and legs and in what order," the trial court declined to resolve the question one way or the other, characterizing it as "something I'll never know." The trial court, then, "a little bit reluctantly," found Cave "guilty of assault on a police officer."

■ The government concedes, and we agree, that Cave cannot be convicted under D.C.Code § 22–405(b) merely for refusing to get out of his car as the officer demanded. Our decisions in *Howard,* 966 A.2d at 857 (defendant refused to remove hands from pockets), and *C.L.D.,* 739 A.2d at 357 (defendant "ignore[d] the police officer's command, mouth[ed] off, and walk[ed] away"), require that result. But we do not think this is a case, like *Howard,* where a remand for "a more comprehensive view of the evidence" is appropriate. 966 A.2d at 857. In *Howard,* the trial court "did not make *any* factual findings as to whether appellant resisted Officer Watson's attempts to arrest her, or whether she struck either of the officers." *Id.* at

855 (emphasis added). Here, however, the trial court explicitly referred to the factual dispute, created by conflicting testimony, regarding Cave's and the officers' actions after Cave refused to get out of his car.

■ The trial court made a finding—"I'll never know"—rejecting the government's evidence, or at least, deeming it insufficient to prove the government's case beyond a reasonable doubt. Implicitly, the trial court refused to credit the testimony of the police officers on which the government relies when it suggests that remand for a full consideration of the evidence is appropriate. Just as "[a]ny 'factual finding anchored in credibility assessments derived from personal observations of the witnesses is beyond appellate reversal unless those factual findings are clearly erroneous,'" *Hill v. United States,* 664 A.2d 347, 353 n. 10 (D.C.1995) (quoting *United States v. McNeal,* 955 F.2d 1067, 1072 (6th Cir.1992)), we must also respect a trial court's refusal to credit one witness or another when both have presented conflicting testimony. In this context, where the testimony of the officers *if credited* would have been sufficient to convict Cave of the crime charged, the trial court's refusal to resolve the factual dispute means the trial judge had a reasonable doubt and, thus, the government did not prove its case beyond a reasonable doubt.

There is no basis for remanding the record for findings the trial court has already made. Since the facts found by the trial court are not sufficient to support the conviction, we vacate appellant's conviction without a remand of the record. The conviction is reversed and the case is remanded with directions to enter a judgment of acquittal.

*So ordered.*

Concurring opinion by Senior Judge NEWMAN at page 148.

NEWMAN, Senior Judge, concurring.

I concur in the opinion of the court and write separately to re-iterate views about "remands" I have expressed previously. *See Porter v. United States*, 37 A.3d 251, 268–82 (D.C.2012) (Newman, J., dissenting).

As the court's opinion states, our remand authority emanates from D.C.Code § 17–306 (2001). Our authority under that section is identical to that of federal courts under 28 U.S.C. § 2106 (2006). *Foster v. United States*, 290 A.2d 176, 177 n. 6 (D.C. 1972). The Supreme Court has established the jurisprudential standard governing remands pursuant to that statute as whether there are "special circumstances suggesting such an exceptional course." *Giordenello v. United States*, 357 U.S. 480, 488, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958) (citation omitted).

Here, the government had a full and fair opportunity to litigate the matter at trial. As the court's opinion makes clear, the trial judge did in fact "decide" the issue which the government seeks a remand for decision. That ruling was adverse to the government, i.e. the evidence was insufficient to establish guilt beyond a reasonable doubt on the issue of active resistance. That is sufficient to decide this appeal as the court's opinion does.

However, since the issue of remand is a recurring issue, what the United States Court of Appeals for the District of Columbia said in analogous circumstances bears repeating:

In our jurisprudential system, trial and appellate processes are synchronized in contemplation that review will normally be confined to matters appropriately submitted for determination in the court of first resort. Questions not properly raised and preserved during the proceedings under examination, and points not asserted with sufficient precision to indicate distinctly the party's thesis, will normally be spurned on appeal. Canons of this tenor reflect, not obeisance to ritual, but considerations of fairness to the court and the parties and of the public interest in bringing litigation to an end after fair opportunity has been afforded to present all issues of law and fact. The injunction that trial ventilation precede appellate exploration best subserves that policy without appreciable imposition upon the litigants. It requires them to deal fairly and frankly with each other and with the trial tribunal with respect to their controversies. It prevents the trial of cases piecemeal or in installment. It tends to put an end to litigation. We think that sound judicial administration embraces importantly the elimination of expenditures of time and energy—by parties as well as courts—incidental to potentially unnecessary appeals.

*Miller v. Avirom*, 127 U.S.App.D.C. 367, 369–70, 384 F.2d 319, 321–22 (1967) (footnotes and internal quotation marks omitted).

Where there are alternative bases for decision presented to the trial court, we have urged trial judges to rule on both alternatives. For example, where there is a challenge to the admissibility of eyewitness identification as a result of pre-trial identification procedures, *see Neil v. Biggers*, 409 U.S. 188, 196, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), we have urged trial judges to rule both whether: 1) the pre-trial identification procedures were unduly suggestive or 2) in spite of being unduly suggestive the identification was nevertheless reliable and thus admissible. *See Greenwood v. United States*, 659 A.2d 825, 828 (D.C. 1995).

That advice is equally valid on the issue presented by these recurring "remand" is-

sues. It behooves the trial judge to rule explicitly on both bases for decision. It is incumbent on trial counsel to urge the trial judge to do so. Failure of counsel to do so, in my view, should almost always (if not always) be fatal to counsel's remand request in this court.